STATE of Tennessee, Appellee,

v.

**William Burk SMITH, Appellant.**

Court of Criminal Appeals of Tennessee.

Nov. 10, 1981.

William M. Leech, Jr., Atty. Gen., James A. DeLanis, Asst. Atty. Gen., Nashville, J. William Pope, Jr., Dist. Atty. Gen., Pikeville, for appellee.

Jeff Stewart, Winchester, for appellant.

OPINION

O'BRIEN, Judge.

Defendant was indicted for armed robbery and found guilty of aggravated assault for which he was sentenced to serve not less than four (4) years nor more than ten (10) years in the State Penitentiary. He appeals from that judgment asserting the evidence was insufficient to support the verdict of the jury and charging that the trial court erred in failing to give curative instructions based on the closing argument of the District Attorney General. We affirm the judgment.

The State's evidence, supplied to the jury through the testimony of various witnesses, was to the effect that on Friday night, October 19, 1979 the defendant created a disturbance in an establishment in Winchester, Tennessee known as the "Capri Club". He declined to leave when asked and interfered with the efforts of the proprietor to telephone the police. He left shortly of his own volition, only to return a short time later armed with a hatchet with which he beat upon a pool table and knocked a glass out of the front door. He informed the proprietor, a Mr. Albert Trigg, that if he were to have him arrested he would be back, and apparently threatened further violence. Mr. Trigg took out a warrant for his arrest and on Saturday night while Trigg was attending a church meeting Mr. Smith returned. Nothing of any moment seems to have occurred on this visit, however, about midnight he once more repaired himself to the Capri Club where he was informed by Trigg he could not come in. Smith departed only to return once more about fifteen minutes later armed with a shotgun. He kicked open the door and aimed the gun in the direction of Mr. Trigg. Grabbing Trigg by the necktie with one hand while he held the gun with the other he announced his intention to kill him because of the warrant which had been obtained for his arrest. A great deal of commotion was caused among the several patrons in the club by defendant's conduct in the course of which he struck Mr. Trigg along side the head with the shotgun,

knocking him against the wall. Without burdening the record with further details of the event except to say that Mr. Trigg was struck once more with the shotgun, it appears that Trigg made his escape to the bathroom which was occupied by a number of other people who had taken refuge there. After threatening Mr. Trigg's life for the next ten or fifteen minutes and insisting that he come out of the bathroom defendant fired one shot into the ceiling, broke the record player and another amusement device, took some bills from a cashbox and departed.

Defendant on the other hand insists he only returned to the Capri Club for the purpose of looking for his eye glasses which he had left there the night before and, subsequently, to apologize for his conduct the previous evening. Ater Mr. Trigg pulled a gun on him he departed and obtained his shotgun having lost his temper because of the treatment he had suffered at the hands of Mr. Trigg. When Trigg attempted to pull his gun Smith struck at his hand. Trigg ducked and fell injuring his head. He denies that he struck Trigg or that there was any robbery.

The discrepancies in the evidence and conflicts in the testimony have been resolved by the verdict of the jury whose function it is to resolve those conflicts, to weigh the evidence, and to draw reasonable inferences from the evidence in reaching their verdict. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Once a defendant has been found guilty at trial, upon judicial review, all of the evidence is to be considered in the light most favorable to the prosecution. Tennessee Appellate Procedure Rule 13(e) requires that findings of guilt in criminal actions shall be set aside only if the evidence is insufficient to support the findings of guilt by the trier of fact beyond a reasonable doubt. We have reviewed the evidence and find that it overwhelmingly sustains the jury verdict.

We have examined defendant's claim that the trial judge should have given curative instructions to the jury based on the District Attorney General's argument relative to the distinction between positive and negative testimony and the weight to be given such evidence by the jury. Defense counsel did not place any great significance on this argument when it was made to the jury, and we think rightly so. Positive or affirmative testimony is that given by a witness who, having been present at the time in question, testifies that an alleged fact or event did exist or occur, or who, having been not only present but also attentive, testifies not merely that he did not see or hear or otherwise observe the alleged fact or event, but that it did not exist or occur. Negative testimony in the strict sense is that given by a witness who, having been present, testifies, not positively that an alleged fact or event did not exist or occur, but merely that he did not see or hear or otherwise observe its existence or occurrence. If a witness, having been present, testifies that he was attentive but did not see or hear or otherwise observe the alleged fact or event, his testimony, while commonly termed as negative, is not of a purely negative character; and where a witness describes a fact or event observed by him, and an opposing witness observes and describes the same fact or event differently, the testimony of both is equally positive. See 22A C.J.S. Criminal Law Sec. 530(1). This is a commonly accepted rule of law recognized in this State. It is the province of the trial judge to state to the jury the law of the case, and it is not always advisable for counsel to do so in final argument because of the possibility of error in their summation. However, the statement of the law by State's counsel in this case was correct and we do not find error. There was no objection on the part of defense counsel at the time the particular argument was made, and failure of timely objection constitutes a waiver if any error occurred. See Hemby v. State, 589 S.W.2d 922 (Tenn.Cr.App.1978). Nor can a defendant successfully assign as error the inadequacy of jury instructions unless a special request for further instructions is made. See Lackey v. State, 578 S.W.2d 101 (Tenn.

Cr.App.1978). We also observe that this particular argument of counsel had reference to the offense of robbery for which defendant was acquitted. The comment obviously was of no consequence since defendant was convicted only of aggravated assault.

The judgment of the trial court is affirmed.

DWYER and DUNCAN, JJ., concur.