<u>IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE</u>

<u>AT NASHVILLE</u>

DECEMBER 1998 SESSION



**FILED**

**February 19, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. NO. 01C01-9804-CC-00190 |
| APPELLEE, | * | WILLIAMSON COUNTY |
| VS. | * | Hon. Henry Denmark Bell, Judge |
| NATHAN MCKISSACK, | * | (failure to appear) |
| APPELLANT. | * | |

<u>For Appellant</u>:

Eugene J. Honea
Assistant Public Defender
Twenty-First Judicial District
407-C Main Street, P.O. Box 68
Franklin, TN  37065-0068

<u>For Appellee</u>:

Paul G. Summers
Attorney General and Reporter
425 Fifth Avenue North
Nashville, TN  37243-0493

Todd R. Kelly
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

Lee Dryer
Assistant District Attorney General
P.O. Box 937
Franklin, TN  37065-0937

OPINION FILED: _____

AFFIRMED

NORMA MCGEE OGLE, JUDGE

1

**OPINION**


On September 30, 1997, a Williamson County jury found the appellant, Nathan McKissack, guilty of failure to appear. Because the underlying offenses were felonies, the appellant was convicted of a Class E felony and sentenced to four years in the Tennessee Department of Corrections as a Persistent, Range III offender. The trial court ordered that the appellant serve his sentence consecutively to his eight year sentence for the underlying offenses.


The appellant appeals as of right the judgment of the trial court and raises the following issues:

(I)     Whether the failure to appear statute, Tenn. Code Ann. § 39-16-609 (1996), is unconstitutional;

(II)    Whether the trial court erred by denying the appellant's Motion *in Limine* to prohibit the State during trial from impeaching the appellant with his prior conviction for failure to appear;

(III)    Whether the trial court erred by overruling the appellant's objection to the State's recitation of a pattern jury instruction during closing argument;

(IV)    Whether the trial court erred by overruling the appellant's objection to the State's reference, during closing argument, to the appellant's failure to present a defense; and

(V)    Whether the trial court erred by imposing consecutive sentences.


We affirm the judgment of the trial court.

## I. Factual Background

In 1996, the appellant was convicted in the Circuit Court for Williamson County of a felony count of failure to appear and a felony count of forgery. Pursuant to these convictions, the appellant received an effective sentence of eight years. However, the appellant was placed in a Community Corrections program in lieu of incarceration in the Tennessee Department of Corrections.

On February 18, 1997, upon the appellant's admission to violating the conditions of his alternative sentence, the Williamson County Circuit Court revoked the appellant's Community Corrections sentence and ordered the appellant to report to the Williamson County Clerk's office on March 18, 1997, in order to begin serving his eight year sentence in the Tennessee Department of Corrections. The appellant failed to report to the Clerk's office, and on March 24, 1997, the Clerk issued a warrant for the appellant's arrest. The appellant was subsequently arrested at his home, and, on April 14, 1997, a Williamson County grand jury indicted the appellant for the offense of failure to appear.

Prior to the appellant's trial, on August 4, 1997, the trial court conducted a preliminary hearing to address the appellant's Motion to Dismiss, which alleged that the statute setting forth the charged offense of failure to appear is unconstitutional. The trial court also considered the appellant's Motion *in Limine* to prohibit the reading of or showing of the indictment to the jury or prospective jurors, due to the reference in the indictment to the appellant's prior conviction for failure to appear. Following argument by counsel, the trial court denied the Appellant's Motion to Dismiss. However, the court ordered that the jury and any prospective jurors be precluded from viewing the indictment.

3

At trial, the appellant stipulated that he had previously been convicted of two felonies and that, on February 18, 1997, the Williamson County Circuit Court revoked his Community Corrections sentence for those offenses and ordered him to report to the Williamson County Jail on March 18, 1997.[1] The appellant further stipulated that, in fact, he failed to appear on that date.

In his opening argument, counsel for the Appellant stated that he hoped to present evidence that the Appellant had never been convicted of a violent offense or a drug offense, and that the appellant is a "decent person." Counsel further stated that he hoped to present proof that the Appellant possessed a reasonable excuse for failing to report for service of his prior sentences in accordance with the trial court's order.

The State presented the testimony of Judy Mangrum, a Deputy Clerk in the Williamson County Clerk's office, and Corporal John Jordan, a supervisor in the Records Department of the Williamson County Sheriff's Department. Through Ms. Mangrum's testimony, the State introduced into evidence a copy of the trial court's order, dated February 18, 1997, revoking the appellant's Community Corrections sentence and ordering him to report to the Clerk's office on March 18, 1997. Ms. Mangrum further testified that, in fact, the Appellant did not report to the Clerk's office on March 18, 1997. She confirmed that, according to the records of the Clerk's office, a warrant for the appellant's arrest was issued on March 24, 1997. Corporal Jordan further confirmed that the appellant was brought to the Williamson County Jail pursuant to an arrest warrant. The trial court sustained defense

_____

[1]Although defense counsel stated in his opening statement that the appellant was to appear at the Williamson County Jail, the record reflects that, in fact, the appellant was to report to the Williamson County Clerk's office.

4

counsel's objection to the introduction into evidence and presentation to the jury of the arrest warrant, which also included a reference to the appellant's prior conviction for failure to appear.

Following the presentation of the State's proof, the trial court conducted a jury-out hearing in order to address the appellant's Motion *in Limine* to prohibit the State from impeaching the appellant with his prior conviction for failure to appear. The trial court denied the appellant's motion. Specifically, the trial court stated that, because defense counsel had stated during his opening statement that the appellant is a decent person, counsel had subjected his client to impeachment with all his prior convictions, including the conviction for failure to appear.

Following the court's ruling, the appellant declined to testify. Instead, while the jury remained outside the courtroom, the appellant took the stand for the limited purpose of making an offer of proof concerning his excuse for failing to report to the Williamson County Clerk's office. The appellant testified that he forgot that he had been ordered to report to the clerk's office, because he was working at two jobs and his mother was ill. He stated that he willingly accompanied the detective who came to his house to execute the arrest warrant. The appellant presented no evidence to the jury.

Following the close of proof, the State asked that the trial court instruct the jury that it could not consider the defense of a reasonable excuse. The court denied the State's request, opining that the instruction was unnecessary due to the appellant's failure to present a defense. The court observed that the State could argue to the jury that, although defense counsel had stated during opening statements that the appellant hoped to prove a reasonable excuse, the appellant

5

had not, in fact, presented any evidence of a reasonable excuse.

During closing argument, the State, in fact, argued that, although defense counsel had stated during his opening statement that the appellant is a decent person, counsel had presented no evidence to support his statements, nor had defense counsel presented proof of a reasonable excuse for the offense. The prosecutor then read the following excerpt from T.P.I. Crim. No. 27.02:

> It is a defense to prosecution for the offense of failure to appear that the person had a reasonable excuse for failing to appear at the specified time and place. If evidence is introduced supporting this defense, the state has the burden of proving beyond a reasonable doubt that the defendant did not have a reasonable excuse for failing to appear at the specified time and place.

The prosecutor emphasized that the State had the burden of proving beyond a reasonable doubt the lack of a reasonable excuse only if a defendant presented proof of a reasonable excuse. Defense counsel timely objected both to the prosecutor's comments concerning the appellant's failure to present a defense and the prosecutor's recitation of the pattern jury instruction concerning the defense of reasonable excuse, which objections were overruled by the trial court. Defense counsel waived closing argument, and, following deliberation, the jury returned a verdict of guilty.

On December 8, 1997, the trial court conducted a sentencing hearing, at the conclusion of which the court imposed a minimum sentence of four years, to be served consecutively to the appellant's sentences for the felonies underlying the instant offense.

## II. Analysis

### A.

Initially, the appellant challenges the constitutionality of Tenn. Code Ann. §

6

39-16-609, the statute setting forth the offense of failure to appear. The appellant alleges the following bases to his claim:

1. The statute is sufficiently vague to violate the due process provisions of the Tennessee and United States constitutions and constitutes an impermissible delegation of legislative authority to the executive and judicial branches of government.[2]

2. The manner in which the statute is applied in Williamson County violates equal protection provisions of the Tennessee and United States constitutions.

Courts are charged with upholding, where possible, the constitutionality of statutes. State v. Joyner, 759 S.W.2d 422, 425 (Tenn. Crim. App. 1987)(citing Dykes v. Hamilton County, 191 S.W.2d 155, 159 (Tenn. 1945)). This principle is applicable to statutory provisions which are "inartfully drawn, but which with reasonably unstrained interpretation can be seen to express the clear intent of the legislature." Id. In light of this principle, we turn to the specific standards that must be applied when determining whether or not a statute is impermissibly vague.

Generally, when a statute is challenged as unconstitutionally vague, this court must consider whether the statute's "prohibitions are not clearly defined and are susceptible to different interpretations as to what conduct is actually proscribed." Forbes, 918 S.W.2d at 447-48. See also State v. Lakatos, 900 S.W.2d 699, 701

---

[2]The appellant in his brief does not appear to claim that the statute in the instant case is overbroad. In contrast to the standard for determining whether or not a statute is vague, when a statute is challenged as overbroad this court must evaluate whether or not the statute's language "literally encompasses constitutionally protected activity." State v. Forbes, 918 S.W.2d 431, 448 (Tenn. Crim. App. 1995). The appellant does not allege any constitutionally protected activity which would be encompassed by the instant statute, nor do we find that the instant statute is overbroad.

(Tenn. Crim. App. 1994)(citing <u>Grayned v. City of Rockford</u>, 408 U.S. 104, 108, 92 S.Ct. 2294 (1972))("[i]t is a fundamental tenet of due process that a statute is void for vagueness if the conduct which it prohibits is not clearly defined").  Vague statutes implicate due process by failing to provide adequate notice to a criminal defendant of proscribed conduct and by inviting arbitrary and discriminatory law enforcement.  <u>Forbes</u>, 918 S.W.2d at 448.  Accordingly, the standard for determining whether or not a statute is unconstitutionally vague has also been articulated by this court in the form of a two part test:

1.  The statute "must 'give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly;'" and
2.  The "statute 'must provide explicit standards' to prevent 'arbitrary and discriminatory enforcement.'"

<u>Lakatos</u>, 900 S.W.2d at 701 (citations omitted).

The statute challenged by the defendant provides, in pertinent parts:

(a)  It is unlawful for any person to knowingly fail to appear as directed by a lawful authority if the person: ...
  (2)  Has been lawfully released from custody, with or without bail, on condition of subsequent appearance at an official proceeding or penal institution at a specified time or place; ...
(b)  It is a defense to prosecution under this section that: ...
  (2)  The person has a reasonable excuse for failure to appear at the specified time and place ... .

Tenn. Code Ann. § 39-16-609.

The appellant in the instant case contends that this statute is vague, because the terms "official proceeding" and "reasonable excuse" are ambiguous.  Moreover, the appellant contends that the ambiguity of the statute constitutes an "unconstitutional delegation of legislative authority and duty."

The term "official proceeding" must be considered "in the context of the statements of law contained in the relevant statutes and court rulings." State v. Lyons, 802 S.W.2d 590, 592 (Tenn. 1990). The State correctly notes that the term "official proceeding" is defined in our criminal code. Tenn. Code Ann. § 39-11-106(25) (1996). The provision states:

> "Official Proceeding" means any type of administrative, executive, legislative or judicial proceeding that may be conducted before a public servant authorized by law to take statements under oath.

Thus, we note that, in State v. Forbes, 928 S.W.2d at 448, this court concluded that Tenn. Code Ann. § 39-16-503(a)(2), the statute setting forth the offense of tampering with or fabricating evidence, provided sufficient notice to the accused of the prohibited conduct, despite the legislature's use of the phrase "official proceeding."

We conclude that the phrase does not render the failure to appear statute unconstitutionally vague.[3] Moreover, in this case the record reflects that the Williamson County Circuit Court released the appellant on bail and ordered him to report to the Clerk's office in order that the Clerk might process the revocation of his Community Corrections sentence.[4] A person of ordinary intelligence would understand that failure to appear as ordered by the trial court would constitute conduct encompassed by the statute at issue in this appeal.

The appellant additionally challenges the use by the legislature of the phrase

---

[3]The appellant argues in his brief that the statute "does not define which proceedings a defendant is compelled to attend." However, contrary to the appellant's assertion, the statute does provide that the appellant is to attend those official proceedings which he has been directed to attend by a lawful authority. Tenn. Code Ann. § 39-16-609(a).

[4]Tenn. Code Ann. § 18-6-114 (1997) provides that county clerks are empowered to take affidavits and administer oaths.

"reasonable excuse" in setting forth a defense to failure to appear. Tenn. Code Ann. § 39-16-609(b)(2). In evaluating the appellant's contention, this court should consider "the natural and ordinary sense of the words of the statute and the 'use of common experience.'" Lyons, 802 S.W.2d at 592. Moreover,

> [t]he vagueness doctrine does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. ... Nor does the fact that a statute ... applicable in a wide variety of situations, must necessarily use words of general meaning, because greater precision is both impractical and difficult, render that statute unconstitutionally vague.

Id. Accordingly, our supreme court has further observed that "the probability that individuals or courts may disagree on the application of a statute in close factual situations, is wholly insufficient to support a charge of unconstitutional vagueness." Dorrier v. Dark, 537 S.W.2d 888, 893 (Tenn. 1976).

Indeed, this court has previously held that the use of a reasonableness standard does not render a statute unconstitutionally vague. State v. Cooper, No. 01C01-9708-CR-00368, 1998 WL 668263, at *3 (Tenn. Crim. App. at Nashville, March 30, 1998)(holding that language "fashioned to lead a victim to reasonably believe it to be a deadly weapon," contained in the aggravated robbery statute, is not unconstitutionally vague). The reasonableness standard "pervades our legal system and rests with the intelligence, experience, and common sense of judges and juries." Id. See also State v. Hurd, 400 N.W.2d 42, 45 (Wis. Ct. App. 1986)(use of the standard of reasonableness does not itself render a statute unconstitutionally vague). Furthermore, other jurisdictions have approved similar phrases. See, e.g., Commonwealth v. Love, 530 N.E.2d 176 (Mass. Ct. App. 1988)(phrase "without sufficient excuse" was not unconstitutionally vague); State v. Timmons, 706 P.2d 1018 (Or. Ct. App. 1985)(phrase "without lawful excuse" in a criminal nonsupport statute was not unconstitutionally vague). See also Model Penal Code § 242.8 (Proposed Official Draft 1962)(bail jumping statute utilizes the

10

phrase "without lawful excuse"). We similarly conclude that the phrase "without reasonable excuse" survives constitutional scrutiny in the instant case.

Finally, in holding that the failure to appear statute is not unconstitutionally vague, we also reject the appellant's claim that the manner in which the statute is applied in Williamson County violates the appellant's right to equal protection under the law. The appellant has failed to adequately explain how application of the statute at issue here creates any class of individuals or targets a class of individuals for differential treatment. Doe v. Norris, 751 S.W.2d 834, 841 (Tenn. 1988). Law enforcement authorities and the courts in Williamson County may be called upon to apply the failure to appear statute differently in different factual circumstances; however, "things which are different in fact or opinion are not required by either [the United States or Tennessee constitutions] to be treated the same." Id. If this were not true, no criminal statute would survive constitutional scrutiny. Thus, this court has observed that "state officials enjoy broad discretion in determining what cases are selected for prosecution. ... That discretion does not violate the principles of equal protection unless the choice to prosecute is 'deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification." State v. Bowen, No. 03C01-9612-CR-00460, 1997 WL 789899, at *6 (Tenn. Crim. App. at Knoxville, December 23, 1997). This issue is without merit.

B.

The appellant next asserts that the trial court erred by denying the appellant's Motion *in Limine* to prohibit the State during trial from impeaching the appellant with his prior conviction for failure to appear. The appellant specifically contends that the prejudicial effect of the prior conviction for failure to appear would have outweighed any probative value pursuant to Tenn. R. Evid. 609.

11

Tenn. R. Evid. 609(a) provides that a witness, including the accused in a criminal prosecution, may be impeached by evidence that he has previously been convicted of a crime if the following procedures are followed:

(1) The witness must be asked about the conviction on cross-examination.
...
(2) The crime must be punishable by death or imprisonment in excess of one year under the law under which the witness was convicted or, if not so punishable, the crime must have involved dishonesty or false statement.
(3) If the witness to be impeached is the accused in a criminal prosecution, the State must give the accused reasonable notice of the impeaching conviction before trial, and the court upon request must determine that the conviction's probative value on credibility outweighs its unfair prejudicial effect on the substantive issues.

The appellant in his brief correctly notes that the trial court, during the jury-out hearing conducted for the purpose of addressing the appellant's Motion *in Limine*, did not articulate his application of the balancing test set forth above. Rather, the court merely concluded that, because defense counsel had remarked during the appellant's opening statement that he hoped to demonstrate that the appellant is a "decent person," defense counsel "opened the door" to evidence concerning the appellant's prior convictions, including his prior conviction for failure to appear.

Accordingly, it appears that the trial court ruled upon the admission of the appellant's prior conviction for failure to appear on the basis of Tenn. R. Evid. 404, governing the admission of character evidence of the accused in a criminal prosecution, rather than pursuant to Rule 609. Interestingly, the trial court made this determination after already ruling on two separate occasions, once pre-trial and once in response to an objection by defense counsel during the presentation of the State's case, that the jury should not be informed that the appellant had previously been convicted of failure to appear.

12

Initially, rule 404(a)(1) does provide, generally, that the prosecution may offer evidence of a pertinent character trait to rebut such evidence offered by the accused. See also Tenn. R. Evid. 405(a). However, this court has held that, because opening statements by counsel are not evidence, such statements will not alone "open the door" for the prosecution to introduce evidence of other crimes. State v. Traylor, No. 01C01-9104-CC-00124, 1992 WL 14140, at *2-*3 (Tenn. Crim. App. at Nashville, January 31, 1992). Opening statements by defense counsel simply provide nothing for the State to rebut. Id. Thus, the trial court erred in determining that defense counsel had "opened the door" to admission by the State of the appellant's prior conviction for failure to appear.[5]

Rule 404(b) specifically governs the admission of evidence of other crimes as substantive evidence. This evidence will only be admissible as relevant to issues such as motive, intent, identity, rebuttal of accident or mistake defenses, and the existence of a larger continuing plan, scheme or conspiracy of which the crime on trial is a part. State v. Hall, 958 S.W.2d 679, 707 (Tenn. 1997), cert. denied, __ U.S. __, 118 S.Ct. 2348 (1998). As under Rule 609, under Rule 404 the trial court must comply with certain procedural requirements:

(1)     The court upon request must hold a hearing outside the jury's presence;
(2)     The court must determine that a material issue exists other than conduct conforming with a character trait and must upon request state on the record the material issue, the ruling, and the reasons for admitting the evidence; and
(3)     The court must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice.

As noted earlier, the trial court in the instant case failed to comply with these procedural requirements.

_____

[5]In any event, even had defense counsel "opened the door," the court, under Tenn. R. Evid. 405, would still have had to determine that the probative value of the conviction outweighed its prejudicial effect upon the substantive issues.

Although the standard of review of the trial court's decision concerning the admissibility of evidence is normally abuse of discretion, our supreme court has held that the decision of the trial court to admit evidence pursuant to Rule 404(b) should be afforded no deference unless there has been substantial compliance with the procedural requirements of the rule. State v. DuBose, 953 S.W.2d 649, 652 (Tenn. 1997). Thus, this court must review this issue *de novo* on the basis of evidence presented at the jury-out hearing.

Because the appellant stipulated at trial that he had failed to appear as directed by a lawful authority, the only issues remaining at trial were whether or not the appellant "knowingly" failed to appear and whether or not he possessed a "reasonable excuse" for failure to comply with the court's order. The appellant testified in a jury-out hearing that he would have testified before the jury that he forgot to appear on the appointed date due to his heavy workload and his mother's illness. Thus, the appellant's prior conviction for failure to appear would have been highly probative on the issue of the requisite mental element, i.e., whether or not the appellant "knowingly" failed to appear.

We wish to emphasize that this is not a propensity argument. In other words, the probative value of the appellant's prior conviction is not that, having once failed to appear without reasonable excuse, the appellant was likely to do so again. Rather, the probative value of the prior conviction is that, having been convicted one year earlier of failure to appear and sentenced to two years incarceration in the Tennessee Department of Correction, the appellant was unlikely to forget to appear at another proceeding as ordered by the court. In this manner, the reasonable excuse defense as applied in this case is analogous to an accident or mistake defense in response to which evidence of other crimes may be admitted. While

14

acknowledging that this issue is an extremely close one, we conclude that, pursuant to Rule 404(b) of the Tennessee Rules of Evidence, the appellant's prior conviction was admissible to rebut the appellant's defense.[6]

## C.

The appellant next argues that the trial court erred by overruling the appellant's objection to the State's recitation of a pattern jury instruction during closing argument. Because closing argument is a valuable privilege for both the State and the defense, courts generally afford wide latitude to counsel in presenting final argument to the jury. State v. Cribbs, 967 S.W.2d 773, 783 (Tenn.), cert. denied, __ U.S. __, 119 S.Ct. 343 (1998). However, "[a]lthough counsel may summarize the law during closing arguments, the possibility of misstatement of the law makes this an undesirable practice." State v. Croom, No. 3, 1988 WL 63503, at *3 (Tenn. Crim. App. at Jackson, June 22, 1988)(citing State v. Smith, 626 S.W.2d 283, 285 (Tenn. Crim. App. 1981). Nevertheless, a correct statement of the law by a prosecutor during closing argument will not constitute error. Id. The prosecutor in the instant case merely recited to the jury the pattern jury instructions concerning the defense of reasonable excuse, T.P.I. Crim. No. 27.02, and correctly noted that, in the absence of proof of reasonable excuse, the State was not required to disprove

---

[6]With respect to Rule 609, the similarity of the prior offense to the crime on trial would militate against its use for impeachment purposes. See, e.g., State v. Blanton, 926 S.W.2d 953, 959 (Tenn. Crim. App. 1996). However, "[t]he mere fact a prior conviction of the accused is identical or similar to the offense for which the accused is being tried does not, as a matter of law, bar the use of the conviction to impeach the accused as a witness." State v. Harris, No. 02C01-9612-CR-00447, 1998 WL 12673, at *5 (Tenn. Crim. App. at Nashville), perm. to appeal denied, (Tenn. 1998). Rather, the court must analyze the relevance of the prior conviction to the issue of credibility and balance its relevance against any prejudicial effect upon substantive issues. Due to the closeness of this issue and the availability to the prosecution of the appellant's prior forgery convictions, it may be that the prior conviction for failure to appear would not have been admissible for impeachment purposes pursuant to Rule 609.

the defense beyond a reasonable doubt. This issue is without merit.

D.

The appellant further argues that the trial court erred by overruling the appellant's objection to the State's reference, during closing argument, to the appellant's failure to present a defense. The appellant specifically objects to the prosecutor's comment that, because defense counsel stated in his opening statement that the appellant is a decent person, defense counsel should have presented proof in support of his statement. It is constitutionally impermissible for a prosecutor to comment upon the accused's silence during the course of trial. State v. Transou, 928 S.W.2d 949, 960 (Tenn. Crim. App. 1996). See also State v. Stanley, No. 03C01-9704-CR-00123, 1997 WL 789965, at *14 (Tenn. Crim. App. at Knoxville, December 23, 1997). Moreover, the prosecutor should refrain from comments reflecting unfavorably upon defense counsel or tactics employed by defense counsel at trial. Coker v. State, 911 S.W.2d 357, 368 (Tenn. Crim. App. 1995). Nevertheless, this constitutional error may be harmless if it can be established that this transgression was harmless beyond a reasonable doubt. Transou, 928 S.W.2d at 960.

In the instant case, the trial court instructed the jury, "[The defendant] is not required to take the stand in his own behalf, and his election not to testify cannot be considered for any purpose against him, nor can any inference be drawn from such fact." After reviewing the record, we conclude that, beyond any reasonable doubt, the prosecutor's comments did not affect the verdict to the prejudice of the appellant. Harrington v. State, 385 S.W.2d 758, 759 (Tenn. 1965). This issue is without merit.

16

E.

The appellant's fifth and final complaint is that the trial court erred by ordering the appellant to serve his sentence for failure to appear consecutively to his sentences for the underlying offenses.

On December 8, 1997, the trial court conducted a sentencing hearing in the appellant's case. Both the State and the Appellant relied upon the pre-sentence report. The pre-sentence report reflects a history of prior convictions including the following: one felony conviction for failure to appear, three Class D felony convictions for forgery, one Class E felony conviction for forgery, and three Class A misdemeanor convictions for worthless checks. The State asserted the following enhancement factors: (1) the appellant had a previous history of criminal convictions in addition to those necessary to establish the appropriate range; (13)(a) the offense was committed while the appellant was on bail; (15) the defendant abused a position of private trust owed to his bondsman. Tenn. Code Ann. § 40-35-114 (1997).

The appellant argued, and the State conceded, that mitigating factor (1), that the appellant's criminal conduct neither caused nor threatened serious bodily injury, is applicable in the instant case. Tenn. Code Ann. § 40-35-113 (1997). The appellant further argued that, on the basis of his offer of proof to the trial court, the court should apply factor (7), that the appellant was motivated by a desire to provide necessities for himself and his family, and factor (11), concerning the appellant's lack of a sustained intent to violate the law. Finally, the appellant argued that, under factor (13), the court should give weight to the lack of violent or drug-related activity

17

in the appellant's criminal history.[7]

The trial court concluded that the mitigating and enhancement factors "balanced out." He accordingly imposed a minimum sentence of four years. However, he did further order that the appellant's sentence be served consecutively to the appellant's sentences for the felonies underlying the instant offense. The court observed that a failure to impose consecutive sentencing would constitute a failure to impose any punishment at all.

Again, on appeal, the appellant is challenging only the trial court's imposition of consecutive sentencing. Generally, when there is a challenge to the manner of service of a sentence, it is the duty of this court to conduct a *de novo* review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). However, this court only applies this presumption if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597 (Tenn. 1994). The Sentencing Commission Comments provide that the burden is upon the appellant to demonstrate the impropriety of the sentence.

The appellant correctly notes that the trial court failed to state on the record the rationale for imposing consecutive sentencing, other than the trial court's observation that to fail to impose consecutive sentencing would be to fail to impose any sentence at all. See Tenn. R. Crim. P. 32(c)(2) ("the judgment to make the sentences ... consecutive shall explicitly recite the judge's reasons therefor").

_____

[7]We note that the pre-sentence report reflects that, in fact, the appellant has used cocaine in the past.

18

Nevertheless, upon *de novo* review and absent the presumption of correctness, we conclude that the record supports the trial court's determination.

In the instant case, Tenn. Code Ann. § 39-16-609(f) specifically provides that, in imposing a sentence for failure to appear, a trial court may order a consecutive sentence. See State v. Rankin, No. 03C01-9511-CC-00369, 1996 WL 469678, at *5 (Tenn. Crim. App. at Knoxville, August 19, 1996). Moreover, we note, and it is undisputed, that the appellant's record of criminal activity is extensive. See Tenn. Code Ann. § 40-35-115(b)(2) (1997). When a defendant falls within the statutory classifications for eligibility to be considered for consecutive sentencing, the only remaining considerations are whether (1) the sentences are necessary in order to protect the public from further misconduct by the defendant and whether (2) "the terms are reasonably related to the severity of the offenses." State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995). The appellant's sentence is consistent with these principles. See, e.g., State v. Noble, No. 02C01-9701-CC-00060, 1998 WL 32681, at *3 (Tenn. Crim. App. at Jackson, January 30, 1998). This issue is without merit.

### III. Conclusion

For the reasons stated above, we AFFIRM the appellant's conviction for failure to appear, and we further affirm the sentence imposed.

_____
NORMA MCGEE OGLE, Judge

CONCUR:

_____

JOHN H. PEAY, Judge


_____

JOSEPH M. TIPTON, Judge