IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 15, 2003 Session

**RONNIE L. JOHNSON v. MARK R. WHITE, ET AL.**

**Appeal from the Circuit Court for Knox County**
**No. 91729, 91730, 91731      Bill Swann, Judge**

**FILED NOVEMBER 26, 2003**

**No. E2002-02815-COA-R3-CV**

These three cases were consolidated for trial. Each Respondent agreed to an Order of Protection sought by their kinsman, who was married to the daughter of Mark V. White, the sister of Mark R. White and niece of Michael Scott Webb. The throes of the divorce action between the Petitioner and his wife, Jennifer White Johnson, precipitated a purported assault on the Petitioner by the Respondents which resulted in criminal charges in addition to an order of protection. Thereafter, the Petitioner and his wife attended the Fourth Circuit Court for a hearing, and the Respondents upon instructions of their attorney in the criminal case also attended, and followed the Petitioner "about the courthouse" placing him in fear. They were cited for criminal contempt, found guilty, and sentenced to ten days confinement, with five days suspended. Each appeals, complaining that the evidence of criminal contempt is insufficient. We affirm.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Circuit Court is Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Mike Whalen, Knoxville, Tennessee, attorney for appellants, Mark R. White, Mark V. White and Michael Scott Webb.

David L. Valone, Knoxville, Tennessee, attorney for appellee, Ronnie L. Johnson.

**OPINION**
**I.**

Agreed Orders of Protection Without Social Contact were issued August 15, 2002 which enjoined the Respondents from

> . . . coming about the petitioner for any purpose, and specifically
> from abusing, threatening to abuse petitioner, or committing any acts
> of violence upon petitioner; you are further enjoined from destroying

petitioner's property; you are enjoined from placing petitioner in fear; all this upon penalty of contempt.

These Orders of Protection were issued pursuant to Tenn. Code Ann. § 36-3-602 which provides, as relevant here, that

. . . any victim who has been subjected to, or threatened with or placed in fear of, domestic abuse by an adult who falls into one of the categories . . . may seek relief . . . by filing a sworn petition alleging such domestic abuse by the respondent.

The cases were consolidated for trial, and all three Respondents were found guilty of violating the respective Order of Protection and each was sentenced to ten days in jail for contempt, with five days suspended. Each Respondent appeals. Stay of execution pending appeal was denied and each of the Respondents has served his sentence.

## II.

The cases were heard on oral testimony with no reporter, and no verbatim transcript or recital of the evidence being available, the Respondents undertook to furnish this Court with a Statement of the Evidence pursuant to Rule 24(c), Tenn. R. App. P., which provided that "[t]he statement, certified by the appellant or the appellants counsel as an accurate account of the proceedings, shall be filed. . . ."

The Statement of the Evidence, in each case, was not certified as required by Rule 24(c), Tenn. R. App. P., but no objections were filed. Therefore, the Statement of the Evidence is deemed to have been approved by the trial judge. Rule 24(f), Tenn. R. App. P.

## III.

The Statement of the Evidence reveals that two witnesses testified, the first of whom was Bruce Poston, an attorney, who represents the Respondents "in this matter in criminal charges from which the original order of protection flowed." Poston testified that the Respondents were present in the Courthouse for the purpose of testifying in the divorce case, and that nothing untoward occurred between them and the Petitioner.

The Petitioner testified "about the alleged assault" which was the basis for the Orders of Protection. He saw the Respondents at the Courthouse, and that none of them spoke or gestured to him. He testified that he "was afraid of the Respondents" and "that everywhere he went in the Courthouse he looked up and saw the Respondents as if they were 'following him'."

The violation of an order of protection is a criminal act, and contempt orders in such cases require guilt to be established beyond a reasonable doubt. *Shiflet v. State*, 400 S.W.2d 542 (Tenn.

Ct. App. 1966); ***Robinson v. Gaines***, 725 S.W.2d 692 (Tenn. Ct. App. 1986). Respondents argue that they had a right to be at the Courthouse that they moved about while awaiting instructions, and that it was not a violation of the Order of Protection if they occasionally saw the Petitioner.[1]

The Orders of Protection prohibited the Respondents from (1) coming about the Petitioner for any purpose, and (2) from placing him in fear.

The trial judge accredited the testimony of the Petitioner and adjudicated the contempt, because of "their proximity to the petitioner in the Courthouse," and because they represented a credible threat to the safety of the Petitioner. The trial judge further found the Respondents "came about the petitioner in violation of the Orders of Protection thereby placing him in fear."

We note that a printed form entitled Order of Protection[2] was utilized by the trial judge for each Respondent. *Prime facia,* this document is confusing; it initially purports to be a restraining order, then progresses to findings of fact respecting a violation of a previous agreed order, then regresses to specific restraints, and, finally, to judgment that the respondent is sentenced to ten days in jail for criminal contempt, with five days suspended. The printed form contains the language "*[t]he court finds that the petitioner has proved domestic abuse by a preponderance of the evidence.* In particular, the court finds that the Respondent came about the Petitioner in violation of the previous agreed order of protection thereby placing him in fear . . ." The italicized sentence is part of the printed form; the remainder is manuscript. If the finding of guilt was based upon the standard of preponderance of the evidence, the convictions cannot be sustained, because a heightened standard is constitutionally required. ***United States v. Gaudin***, 515 U.S. 506; 115 S. Ct. 2310 (1995), ***State v. Ducker***, 27 S.W.3d 889 (Tenn. 2000). But the Mittimus dated November 14, 2002 provides that the three defendants are guilty beyond a reasonable doubt for willful contempt of three no-contact orders of protection and we have determined from the entire record that each defendant was found guilty beyond a reasonable doubt of criminal contempt and that the record supports the findings and judgments.

Judicial review requires that all of the evidence is to be considered in the light most favorable to the prosecution, and the findings of guilt may be set aside only if the evidence is insufficient to support the findings of guilt by the trier of fact beyond a reasonable doubt. ***State v. Smith***, 626 S.W.2d 283 (Tenn. Crim. App. 1981), ***State v. Bohanon***, 745 S.W.2d 892 (Tenn. Crim. App. 1987). We find that the evidence supports the findings of guilt beyond a reasonable doubt.

The Respondents present for review the issue of whether the trial court erred in admitting evidence of the assault by the Respondents in June 2002, arguing that such evidence was irrelevant.

---

[1] We glean from the meager record as assisted by the briefs to the extent permitted that the Petitioner was married to the daughter of one of the Respondents, all of whom were at the Courthouse; the Petitioner, as a party, the Respondents as the father and brothers, we deduce, of Petitioners wife.

[2] As contrasted to the "Order of Protection without Social Contact," which was the basis for the finding of contempt.

We disagree.  The assault was apparently the reason for the issuance of the Order of Protection, and evidence of its relevance is manifest.  See, Rule 402, Rules of Evidence.

The judgment is affirmed, with costs assessed to the Respondents.


_____
WILLIAM H. INMAN, SENIOR JUDGE