**STATE of Tennessee, Appellee,**

v.

**Rob LAKATOS, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Nov. 22, 1994.

Permission to Appeal Denied by Supreme Court March 27, 1995.

Shara A. Flacy, Dist. Public Defender, William C. Bright, Asst. Public Defender, Pulaski, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Cecil H. Ross, Asst. Atty. Gen., Criminal Justice Div., Nashville, T. Michael Bottoms, Dist. Atty. Gen., Robert C. Sanders, Asst. Dist. Atty. Gen., Columbia, for appellee.

## OPINION

SUMMERS, Judge.

Appellant Rob Lakatos was charged under T.C.A. § 39–17–308(a)(2) with twenty-nine (29) counts of making harassing telephone calls. The trial judge overruled appellant's motion to dismiss the charges. By agreement with the state, appellant reserved three certified questions of law pursuant to T.R.A.P. 37(2)(i) and entered a best interest plea of guilty to six counts of the indictment. We affirm the judgment of the trial court.

The facts as stipulated indicate that the appellant called several women and, without identifying himself, falsely represented to them that he was an employee of "Maury Regional Hospital." He then asked the women if they would like to participate in a sex survey and, receiving an affirmative response, proceeded to ask a series of sexual questions. The questions asked varied, but typically the appellant would ask the woman how old she was, when she had first had sex, how often she had sex, and which sexual positions she preferred. The appellant called each woman only once.

The questions reserved for our consideration are: (1) whether T.C.A. § 39–17–308(a)(2) is unconstitutionally vague; (2) whether T.C.A. § 39–17–308(a)(2) is unconstitutionally overbroad; and (3) whether the

appellant's conduct as stipulated is violative of T.C.A. § 39–17–308(a)(2).

It is a fundamental tenet of due process that a statute is void for vagueness if the conduct which it prohibits is not clearly defined. *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972). To survive a challenge for vagueness, a statute must meet two criteria. First, the statute must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Id.* Second, the statute "must provide explicit standards" to prevent "arbitrary and discriminatory enforcement." *Id.*

T.C.A. § 39–17–308(a)(2) provides:

A person commits an offense who intentionally: Places one (1) or more phone calls anonymously, or at an inconvenient hour, or in an offensive or repetitious manner, or without a legitimate purpose of communication, and by this action knowingly annoys or alarms the recipient.

The core of appellant's vagueness argument is that the phrase "without a legitimate purpose of communication" is insufficient to inform a person of common intelligence as to what is prohibited.[1] What appellant neglects to address is that the phrase in question does not stand alone in the statute. Its construction is limited by the terms "intentionally" and "knowingly annoys or alarms."[2] Where the language of the statute permits, this Court is duty bound to adopt a construction which will not run afoul of constitutional limitations. *State v. Lyons,* 802 S.W.2d 590, 592 (Tenn.1990). Accordingly, we hold that T.C.A. § 39–17–308(a)(2) delimits the proscribed offense with sufficient clarity to enable Tennessee citizens to conform their conduct to the dictates of the law. The statute also provides law enforcement with ample guidance to prevent arbitrary and discriminatory enforcement.

Appellant's second issue is based entirely on the right of free speech as provided in the United States and Tennessee Constitutions. U.S. Const. amend. I; Tenn. Const. art I, § 19. Appellant's argument is inapposite, however, since T.C.A. § 39–17–308(a)(2) regulates conduct and not speech. The statute prohibits knowingly annoying or alarming a person by placing a phone call with no legitimate purpose of communication. It is important to note that the placing of the phone call with the requisite *mens rea* is all that is required to establish the offense. The relationship between this conduct and any protected speech or expression is merely incidental. While the content of the telephone call may often, as here, provide evidence of the caller's intent or purpose, neither speech nor expression is an element of the offense. For example, one could violate the statute by repeatedly placing calls to an individual and then hanging up the telephone without saying anything.

In *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973), the United States Supreme Court cautioned that the doctrine of overbreadth is "strong medicine" to be used "sparingly and only as a last resort." *Id.* at 613, 93 S.Ct. at 2916. The Court explained:

[T]he plain import of our cases is, at the very least, that facial overbreadth adjudication is an exception to our traditional rules of practice and that its function, a limited one at the outset, attenuates as the otherwise unprotected behavior that it forbids the State to sanction moves from 'pure speech' toward conduct and that conduct—even if expressive—falls within the scope of otherwise valid criminal laws that

---

1. The statute apparently provided appellant with sufficient notice of the illegality of his conduct in this particular case, since he felt compelled to conceal his identity from the women he harassed.

2. Although this issue is one of first impression in Tennessee, states which have considered vagueness challenges to harassment statues with similar language as to intent have upheld the statutes. *See, e.g., State v. Meunier,* 354 So.2d 535, 537 (La.1978) ("in a manner reasonably expected to annoy, abuse, torment, harass, embarrass or offend another"); *Collection Consultants, Inc. v. State,* 556 S.W.2d 787, 792 (Tex.Crim.App. 1977) ("intentionally, knowingly or recklessly annoys or alarms the recipient or intends to annoy or alarm the recipient"); *State v. Koetting,* 691 S.W.2d 328, 330 (Mo.App.1985) ("for the purpose of frightening or disturbing another person").

reflect legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct. Although such laws, if too broadly worded, may deter protected speech to some unknown extent, there comes a point where that effect—at best a prediction—cannot, with confidence, justify invalidating a statute on its face and so prohibiting a State from enforcing a statute against conduct that is admittedly within its power to proscribe.

*Id.* at 615, 93 S.Ct. at 2917.

The Tennessee statute in question falls entirely on the conduct end of the spectrum defined by *Broadrick*. T.C.A. § 39–17–308(a)(2) prohibits the criminal invasion of an individual's privacy, whether by "expressive" or "non-expressive" means. We therefore hold that T.C.A. § 39–17–308(a)(2) is not unconstitutionally overbroad.

■ The appellant's final issue for review is whether his conduct as stipulated is violative of the statute. Appellant contends that he did not call anonymously and that he had a legitimate purpose of communication. So long as the appellant has the requisite intent to "knowingly annoy or alarm the recipient," a finding on our part that the appellant satisfied either one of these criteria would bring his conduct firmly within the purview of the statute. Appellant maintains that he did not call his victims anonymously because he falsely identified himself as an employee of Maury Regional Hospital. He therefore, so the argument would seem to run, identified himself "pseudonymously" rather than anonymously. Anonymously is defined as nameless or lacking a name. *Blacks Law Dictionary* 91 (6th ed.1991). While appellant falsely stated that he was employed by the hospital, he did not state his name either correctly or falsely. Appellant therefore clearly made telephone calls anonymously.

■ While it is unnecessary for us to address the second portion of appellant's argument on this issue, we nevertheless find that conducting a fraudulent sex survey with no apparent motive other than self-gratification is not a legitimate purpose of communication.

■ Finally, with regard to the requisite *mens rea,* i.e., that appellant intentionally made the telephone calls knowing that the recipient would be annoyed or alarmed, the record is more than adequate to sustain the appellant's conviction. There would be no reason for the surreptitious manner in which the calls were made if the appellant believed that the women he called would not be annoyed or alarmed by the telephone calls. Furthermore, all of the women called were sufficiently disturbed to report the calls to the hospital. We find appellant's final issue to be without merit.

Having addressed appellant's three certified questions of law, we find no error on the part of the trial court and affirm in all respects.

WADE and WELLES, JJ., concur.