# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## JULY 1998 SESSION

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| Appellee, | ) C.C.A. No. 01C01-9718-CR-00368 |
| | ) |
| V. | ) Davidson County |
| | ) |
| | ) Honorable Thomas H. Shriver, Judge |
| **AARON COOPER,** | ) |
| | ) (Aggravated Robbery) |
| Appellant. | ) |
| | ) |

**FILED**

September 29, 1998

**Cecil W. Crowson**
**Appellate Court Clerk**

FOR THE APPELLANT:

David A. Collins
Attorney at Law
211 Printers Alley Bldg., 4th Floor
Nashville, TN 37201

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Daryl Brand
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

Victor S. (Torry) Johnson III
District Attorney General

Nicholas Bailey
Assistant District Attorney General
222 2nd Avenue North
Washington Square Building
Nashville, TN 37201

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

In November 1996, Aaron Cooper, the appellant, was convicted by a jury of aggravated robbery in the Davidson County Criminal Court. The trial court sentenced him to eight years in the Department of Correction as a Range I standard offender. The appellant raises the following issues for our review: (1) whether Tennessee Code Annotated § 39-13-402(a)(1) (1991) is unconstitutionally vague and (2) whether the evidence is sufficient to support his conviction. The judgment of the trial court is affirmed.

On July 20, 1995, the victim, Melony Gooch, left work at approximately 12:30 p.m. and headed by car to the bank. She had been paid the previous day, and had approximately $300 in cash in her wallet under the passenger's seat of her car. While she was stopped at an intersection, the appellant entered the passenger's side of her car. The appellant demanded Ms. Gooch to "Give it to me." Ms. Gooch responded "Give you what? I don't have anything." The appellant repeated his demand saying "I know you got it. Give it to me." Ms. Gooch said that she did not have anything and asked him to get out of her car. The appellant told her to drive. When she did not move, the appellant grabbed the steering wheel, pushed on the accelerator, and drove the car.

The appellant threatened Ms. Gooch saying "Don't make me have to hurt you. I know you got it." Ms. Gooch testified that the appellant had his hand in the waistband of his jogging pants, as if he had a weapon of some kind. She testified that she was afraid to yell for help or get out of the car for fear that the appellant would have drawn his weapon. Ms Gooch testified that she did not know what the appellant had. She testified that she did not want to "try him to see if he did have a weapon." She testified that she was in fear for her life. The appellant slowed the car and turned off the ignition. The appellant searched for money, saying "I know you've got some money in here somewhere." He felt Ms.

Gooch's pockets and her breasts.  He then reached under the seat and felt the wallet.  The appellant "hollered jackpot" and jumped out of the car.  Ms. Gooch testified that the appellant kept his hand in the waistband of his pants until he jumped out of her car.

The appellant's videotaped statement was played for the jury.  The appellant stated that he reached in the car and stole Ms. Gooch's purse.  He denied that he had a weapon.  He denied that he said or did anything to make Ms. Gooch believe that he had a weapon.  The jury found the appellant guilty of aggravated robbery.  The trial court found no merit to the issues raised by the appellant in this appeal.

Tennessee Code Annotated § 39-13-402(a)(1) defines aggravated robbery as "robbery" accomplished with a deadly weapon or by <u>display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon</u>. (emphasis added).

The appellant contends that the underlined language is unconstitutionally vague because a reasonable person cannot read the statute and know what is prohibited and because the statute does not provide explicit standards to prevent arbitrary and discriminatory enforcement.

> It is a fundamental tenet of due process that a statute is void for vagueness if the conduct which it prohibits is not clearly defined.  <u>Grayned v. City of Rockford</u>, 408 U.S. 104, 108 (1972).  To survive a challenge for vagueness, a statute must meet two criteria.  First, the statute must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly."  <u>Id.</u> Second, the statute "must provide explicit standards" to prevent "arbitrary and discriminatory enforcement."  <u>Id.</u>

<u>State v. Lakatos</u>, 900 S.W.2d 699, 701 (Tenn. Crim. App. 1994).

The appellant challenges the legislature's use of the words "displays" and "article." Citing Webster's New World Dictionary, the appellant defines "display" as to unfold, spread out, or exhibit. He defines "article" to mean "a separate item." The appellant argues that he did not "display" anything and that "article" should not be interpreted to mean a human hand. The vagueness doctrine does not invalidate every statute just because the legislature must necessarily use words of general meaning. Tennessee Code Annotated § 39-13-402(a)(1) applies in a wide variety of situations; greater precision in wording the statute would be impractical and make the statute difficult to apply. See State v. Lyons, 802 S.W.2d 590, 592 (Tenn. 1990). "It is the duty of this Court to adopt a construction which will sustain a statute and avoid constitutional conflict if its recitation permits such a construction." Id. We have no problem in doing so in this case.

Tennessee Code Annotated § 39-14-402(a)(1) is not vague. Before 1989, our legislature prohibited "robbery accomplished with a deadly weapon." Tenn. Code Ann. § 39-2-501 (Supp. 1989). To be convicted under the statute, the state had to prove that the defendant actually possessed a deadly weapon when he or she accomplished the robbery. In 1989, the legislature enacted the aggravated robbery statute at issue. The new statute was intended, in our opinion, to include robbery committed under the pretense of being armed. The American Heritage Dictionary of the English Language defines "display" in part to as to "manifest," "[t]o be endowed with an identifiable form," and "[t]o express as by gestures. . . ." This definition covers a situation in which a defendant gestures with his hand balled up in the waistband of his pants while saying "Don't make me hurt you." The same dictionary defines "article" in part as "[a]n individual thing or element," and a "particular object or item." In our opinion, the legislature intended for the word article to include the situation where a robber fashions or conceals his hand like a gun or other weapon while threatening harm to the victim.

Furthermore, the legislature has placed a restriction on the applicability of the statute by the language "fashioned to lead the victim to <u>reasonably</u> believe it to be a deadly weapon." By using this language, the legislature has focused upon perception of the victim that he or she is in danger, and not on whether the defendant actually has a weapon. The perception or belief of the victim that a defendant is armed must be reasonable. The reasonableness standard is not arbitrary. It pervades our legal system and rests with the intelligence, experience, and common sense of judges and juries.

The state argues that courts in other states have concluded that statutory language similar to the language in the Tennessee statute was sufficiently clear to support convictions. <u>See</u> <u>State v. Smallwood</u>, 346 A.2d 164, 166 (Del. 1975) (displays what appears to be a deadly weapon); <u>People v. Knowles</u>, 436 N.Y.S.2d 25, 26 (N.Y. App. Div. 1981) (displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm); <u>State v. Henderson</u>, 664 P.2d 1291, 1293 (Wash. Ct. App. 1983) (displays what appears to be a firearm or other deadly weapon); <u>State v. Hopson</u>, 362 N.W.2d 166, 167 (Wis. Ct. App. 1984) (by use or threat of use of a dangerous weapon or any article used or fashioned in a manner to lead the victim to reasonably believe that it is a dangerous weapon). The analysis in these cases is persuasive, and our holding of constitutionality accords with the majority of jurisdictions that have either passed on the constitutionality of similar statutes or construed the language therein.

The appellant cites the unreported decision of <u>State v. Jemison</u>, No. 01C01-9303-CR-00107 (Tenn. Crim. App. filed at Nashville, Mar. 31, 1994) to support his position. In <u>Jemison</u>, the appellant accomplished aggravated robbery by keeping a hand in his jacket and telling the victim to be quiet or he would shoot her. The victim testified that she believed that the defendant had a

weapon.  The appellant argued that the evidence was insufficient to establish that he had a deadly weapon or displayed an article resembling a deadly weapon.  The Court held that the jury was entitled to accredit the defendant's threat and to infer from it and the manner in which the defendant had his hand in his pocket that he was armed.  The Court stated, however, that it had reservations about a hand in a jacket, without more, supporting a conclusion beyond a reasonable doubt that there was a display of an article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon.  The defendant did not challenge the constitutionality of the aggravated robbery statute.  Like the appellant in Jemison, the appellant in this case verbally threatened the victim while suggesting that he had a weapon.  Jemison does not persuade us to grant the appellant relief on either one of his issues.

## II. Sufficiency of the Evidence

The appellant argues that the evidence is insufficient to sustain his conviction.  Specifically, he argues that  he did not display, use, or fashion any article to lead the victim to reasonably believe it to be a deadly weapon.  Great weight is accorded jury verdicts in criminal trials.  A jury verdict accredits the testimony of the state's witnesses and resolves all conflicts in favor of the state. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983).  On appeal, the state is entitled to both the strongest legitimate view of the evidence and all reasonable inferences to be drawn therefrom.  State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978).  Moreover, a guilty verdict replaces the presumption of innocence enjoyed at trial with the presumption of guilt on appeal.  State v. Grace, 493 S.W.2d 474 (Tenn. 1973).  The appellant has the burden of overcoming the presumption of guilt.  Id.

When appellants challenge the sufficiency of the evidence, the relevant question on appellate review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the

essential elements of the crime or crimes beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); State v. Duncan, 698 S.W.2d 63 (Tenn. 1985); T.R.A.P. 13(e).  The weight and credibility of witness testimony are matters entrusted exclusively to the jury as triers of fact.  State v. Sheffield, 676 S.W.2d 542 (Tenn. 1984); Byrge v. State, 575 S.W.2d 292 (Tenn. Crim. App. 1978).

The evidence is sufficient to support the appellant's conviction for aggravated robbery.  Ms. Gooch testified that the appellant held his hand in the waistband of his pants "as if he had a weapon," and said to her "Don't make me have to hurt you."  She demonstrated for the jury how the appellant held his hand.  She further testified that she feared for her life and that she did not jump out of the car because she did not want to find out whether the appellant had a weapon.  She testified that the appellant kept his hand in his pants during the entire confrontation until he discovered the money with his other hand.

The judgment of the trial court is AFFIRMED.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JERRY L. SMITH, Judge