IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 9, 2001

## STATE OF TENNESSEE v. COLICO S. WALLS

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 98-03965, 98-03968    Chris Craft, Judge**

———————

**No. W2000-00637-CCA-MR3-CD  - Filed February 15, 2001**

———————

A Shelby County jury convicted the defendant of felony escape and theft of property over $1,000. The trial court sentenced the defendant to consecutive sentences of four years for escape and seven years for theft, for an effective sentence of eleven years. In this appeal, the defendant alleges (1) the evidence is insufficient to sustain the defendant's conviction for escape; (2) the escape statute is unconstitutionally vague; and (3) the trial court erroneously failed to instruct the jury on attempted escape. The defendant does not challenge his theft conviction. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

A.C. Wharton, Jr., Public Defender; Charles Brent Walker (at trial) and W. Mark Ward (on appeal), Assistant Public Defenders, Memphis, Tennessee, for the appellant, Colico S. Walls.

Paul G. Summers, Attorney General and Reporter; Lucian D. Geise, Assistant Attorney General; William L. Gibbons, District Attorney General; and Jennifer S. Nichols, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant was convicted of felony escape and theft of property over $1,000. In this appeal as a matter of right, the defendant challenges only his escape conviction, claiming:

(1) the evidence is insufficient to sustain his conviction for escape;
(2) the escape statute is unconstitutionally vague; and
(3) the trial court erroneously failed to instruct the jury on attempted escape.

After a thorough review of the record, we affirm the judgment of the trial court.


## I.  FACTS

For purposes of this appeal, the pertinent facts appear undisputed.  On May 24, 1997,  the defendant stole a vehicle.  Memphis Police Officers Russell S. Stevens and James R. Byars arrested the defendant as he exited a store.  Although the defendant resisted, they successfully handcuffed the defendant and placed him in the rear seat of their patrol car.

Thereafter, the officers noticed that the defendant had moved his handcuffed hands in front of his body.  According to standard procedure, the officers removed the defendant from the cruiser and re-cuffed him.  In addition to the original handcuffs, the officers employed a "rip-hobble" device, which is designed to secure the legs of the defendant.  During transport to the Shelby County Criminal Justice Center, the officers noticed that the defendant had, again, positioned his cuffed-hands in front of his body, and he had removed the "rip-hobble" device.  As the officers slowed their vehicle in order to stop and re-secure the defendant, he kicked the rear window causing it to shatter, and he exited the moving vehicle head first.  The defendant fled for approximately 20 to 30 feet before he was apprehended.


## II.  UNTIMELY FILING OF MOTION FOR NEW TRIAL

We first note that the judgment of conviction was entered on November 22, 1999, but the motion for new trial was not filed until December 31, 1999.  A motion for a new trial "shall be made . . . within thirty days of the date the order of sentence is entered."  Tenn. R. Crim. P. 33(b).  This provision is mandatory, and the time for filing may not be extended.  *See* Tenn. R. Crim. P. 45(b); *see also* State v. Martin, 940 S.W.2d 567, 569 (Tenn. 1997); State v. Dodson, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989).  The thirty day provision is jurisdictional, and an untimely motion is a nullity.  Martin, 940 S.W.2d at 569.  Unlike the untimely filing of the notice of appeal, this Court does not have the authority to waive the untimely filing of a motion for new trial.  *See* Tenn. R. App. P. 4(a), State v. Givhan, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1980).  A defendant relinquishes the right to argue any issue that should have been presented in a timely motion.  Martin, 940 S.W.2d at 569.  However, this Court, in its discretion, may take notice of an error which affects a substantial right of the defendant where it may be necessary to do substantial justice.  Tenn. R. Crim. P. 52(b); State v. Johnson, 980 S.W.2d 414, 418 (Tenn. Crim. App. 1998).

## II.  SUFFICIENCY OF THE EVIDENCE

The defendant argues that the evidence is insufficient to sustain his conviction for escape. Upon review of the record, we conclude the evidence was sufficient to sustain the defendant's conviction.

### A.  Standard of Review

When an accused challenges the sufficiency of the evidence, this Court must review the record to determine if the evidence adduced during the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt."  Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1,18 (Tenn. Crim. App.1996).

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence.  State v. Cabbage, 571 S.W.2d 832, 835 (Tenn.1978).  Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence.  Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956).  To the contrary, this Court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence.  State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App.1995).

### B. Statutory Construction

Statutory provisions in the criminal code should be "construed according to the fair import of their terms, including reference to judicial decisions and common law interpretations, to promote justice, and effect the objectives of the criminal code." Tenn. Code Ann. § 39-11-104.  This Court should give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope.  Seals v. State, 23 S.W.3d 272, 276 (Tenn. 2000).  We must examine the natural and ordinary meaning of the statutory language within the context of the entire statute without forced or subtle construction that would extend or limit its meaning.  State v. Flemming, 19 S.W.3d 195, 197 (Tenn. 2000).  A statute should not be interpreted in such a way to yield an absurd result. *See* State v. Legg, 9 S.W.3d 111, 116 (Tenn. 1999).

### C.  Sufficiency Analysis

The testimony of Memphis Police Officers Stevens and Byars is sufficient to establish that the defendant fled from the rear seat of their police cruiser, so the remaining issue is whether the rear seat of a police cruiser is a facility used to detain a person.  We conclude that it is.

The indictment alleges that the defendant "escape[d] from the indirect custody of the Shelby County jail . . . in violation of Tenn. Code Ann. § 39-16-605."  Tenn. Code Ann. § 39-16-605(a)

states "[i]t is unlawful for any person arrested for, charged with, or convicted of an offense to escape from a penal institution, as defined in § 39-16-601." Furthermore, the Tennessee Code defines "penal institution" as "any institution or <u>facility used to</u> house or <u>detain a person</u>: (A) [c]onvicted of a crime; or (B) [a]djudicated delinquent by a juvenile court; or (C) [w]ho is in direct or indirect custody after a lawful arrest." Tenn. Code Ann. § 39-16-601(4) (emphasis added).

Although this particular issue is one of first impression, we have previously addressed whether escape from a Community Corrections program constitutes an escape from a penal institution. In <u>Bentley v. State</u>, 938 S.W.2d 706 (Tenn. Crim. App. 1996), Bentley failed a mandatory drug test while in Community Corrections. Therefore, his Community Corrections supervisor removed Bentley's electronic ankle bracelet and ordered him to return to jail. Bentley, in a "threatening posture," immediately left the Community Corrections office. Bentley was subsequently charged with escape. At the time of the offense, the legislature defined penal institution as "any institution used to house or detain a person." Tenn. Code Ann. § 39-16-601(4) (1991). Accordingly, we held that Community Corrections was not a penal institution. <u>Bentley</u>, 938 S.W.2d at 710. We note, however, that the statutory definition of "penal institution" now includes a "facility" as well as an "institution." Tenn. Code Ann. § 39-16-601(4) (1997). Thus, we must determine whether a patrol car is a "facility" used to detain persons.

In <u>State v. Kendrick</u>, 10 S.W.3d 650 (Tenn. Crim. App. 1999), Kendrick was charged with taking a controlled substance into a penal institution in violation of Tenn. Code Ann. § 39-16-201. Specifically, Kendrick took three marijuana roaches into a Community Corrections residence. This court, citing <u>Bentley</u>, held that a Community Corrections residence was not a penal institution. *Id.* at 655. Furthermore, we noted that there was an "historical distinction between a prisoner incarcerated in a penal institution and a nonviolent offender deemed suitable for a community-based alternative sentence." *Id.*

These cases are distinguishable from the case *sub judice*. The defendant, as a detainee in the patrol car, was in formal police custody and intensively supervised, which is inapposite to a sentence of Community Corrections. Additionally, we cannot say that an escape of a detainee from a patrol car necessarily poses a lesser threat to society than the escape of a prisoner from a jail.

Furthermore, the statutory definition of "penal institution" encompasses the rear seat of a patrol car. The Tennessee Code defines "penal institution" as "any institution or <u>facility</u> used to house or detain a person." Tenn. Code Ann. § 39-16-601(4) (emphasis added). Although not defined in the code, a "facility" is "something designed, built, installed, etc. to serve a specific function affording a convenience or service." **Webster's New Universal Unabridged Dictionary** 690 (1996). Officers Stevens and Byars testified that the rear interior of their patrol car was modified from standard vehicles sold to the general public. Specifically, they stated that the front and rear passenger compartments were separated by a barrier consisting of metal and plexiglass; solid polymer plastic rear seats were installed so prisoners could not hide objects within them; and the rear interior door handles were inoperative. The design and installation of these features are unique to the detention of persons.

Furthermore, the legislative intent has been expressed. An "escape" is an "unauthorized departure from custody." Tenn. Code Ann. § 39-16-601(3). "A 'penal institution' is defined broadly in § 39-16-601(4) to include situations where the offender escapes from custody after arrest or conviction." Tenn. Code Ann. § 39-16-605, Sentencing Commission Comments.

The defendant asserts that his actions more properly fit the evading arrest statute. The evading arrest statute provides that

> it is unlawful for any person to intentionally flee by any means of locomotion <u>from anyone</u> the person knows to be a law enforcement officer if the person: (A) [k]nows the officer is attempting to arrest the person; or (B) [h]as been arrested.

Tenn. Code Ann. § 39-16-603(a)(1) (emphasis added). This statute prohibits flight from an <u>individual</u> law enforcement officer, while the escape statute prohibits escape from a <u>place of confinement</u>; to-wit: "an institution or facility used to house or detain a person." Tenn. Code Ann. § 39-16-601(4). The defendant's action is more properly analyzed as an escape from a facility rather than a flight from an officer.

We conclude that the rear seat of a patrol car is a facility which is designed, built, and installed to serve the specific purpose of detaining persons. Accordingly, an escapee from the rear seat of a patrol car escapes from a penal institution in violation of Tenn. Code Ann. § 39-16-605. The evidence is sufficient to sustain the defendant's conviction for escape. This issue is without merit.

### III. VAGUENESS ARGUMENT

The defendant claims that Tenn. Code Ann. § 39-16-605 is unconstitutionally vague. We conclude that the statute is constitutional, and defendant's claim is without merit.

### A. Standard of Review

In determining if a statute is vague, the standard applied is whether "men of common intelligence must necessarily guess at its meaning." <u>Broadrick v. Oklahoma</u>, 413 U.S. 601, 607, 93 S. Ct. 2908, 2913, 37 L. Ed. 2d 830 (1973); <u>Leech v. American Booksellers Ass'n, Inc.</u>, 582 S.W.2d 738, 746 (Tenn. 1979). A constitutionally valid statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." <u>Kolender v. Lawson</u>, 461 U.S. 352, 358, 103 S. Ct. 1855, 1858, 75 L. Ed. 2d 903 (1983) (citations omitted). A statute is void for vagueness if the conduct is not clearly defined. <u>State v. Lakatos</u>, 900 S.W.2d 699, 701 (Tenn. Crim. App. 1994) (citing <u>Grayned v. City of Rockford</u>, 408 U.S. 104, 108, 92 S. Ct. 2294, 2298, 33 L. Ed. 2d 222 (1972)).

The vagueness doctrine focuses both on actual notice to citizens and arbitrary enforcement by state officials. Davis-Kidd Booksellers, Inc. v. McWherter, 866 S.W.2d 520, 532 (Tenn. 1993). However, the Supreme Court has recognized that the more important aspect of the vagueness doctrine is not actual notice, but the other primary element of the doctrine. *See* Smith v. Goguen, 415 U.S. 566, 574, 94 S. Ct. 1242, 1247-48, 39 L. Ed. 2d 605 (1974). Accordingly, a legislature must establish minimal guidelines to govern law enforcement. *Id.*

## B. Analysis

In this case, the statute defines "penal institution" as "any institution or facility used to house or detain a person (A) [c]onvicted of a crime; (B) [a]djudicated delinquent by a juvenile court; or (C) [w]ho is in direct or indirect custody after a lawful arrest." Tenn. Code Ann. § 39-16-601(4). We conclude that a person of common intelligence is provided adequate notice that the rear seat of a patrol car is a facility used to detain arrestees, and it would be unlawful to escape from it. Furthermore, we conclude that Tenn. Code Ann. § 39-16-605 provides adequate guidelines that avoid any "standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections." Goguen, 415 U.S. at 575, 94 S. Ct. at 1248. This issue is without merit.

## IV. JURY INSTRUCTIONS

The defendant alleges that the trial court erroneously failed to instruct the jury on the lesser-included offense of attempted escape.

Not only was the defendant's motion for new trial untimely, but it omitted this issue entirely. Since the defendant failed to allege this ground in his motion for new trial, the issue is waived. Tenn. R. App. P. 3(e); *see* State v. Walker, 910 S.W.2d 381, 386 (Tenn. 1995). Although we can review this issue under the plain error doctrine, we conclude that the failure to charge attempted escape was not plain error under the facts and circumstances of this case.

## CONCLUSION

Based upon the foregoing, we conclude (1) the evidence is sufficient to sustain the defendant's conviction for escape; (2) the escape statute is constitutional; and (3) the failure to charge attempted escape was not plain error. Thus, the judgment of the trial court is affirmed.

 

_____
JOE G. RILEY, JUDGE