IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

NOVEMBER 1997 SESSION



**FILED**

January 5, 1998

Cecil Crowson, Jr.

Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 02C01-9703-CR-00119 |
| Appellee, | * | SHELBY COUNTY |
| VS. | * | Hon. Chris Craft, Judge |
| GERALD L. WEBSTER, | * | (Motor Vehicle Habitual Offender) |
| Appellant. | * | |

For Appellant:

Thomas M. Veteto
Attorney
100 North Main Street, Suite 1922
Memphis, TN  38103

For Appellee:

John Knox Walkup
Attorney General and Reporter

Kenneth W. Rucker
Assistant Attorney General
Criminal Justice Division
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

Dan Byer
Assistant District Attorney General
201 Poplar Avenue, Third Floor
Memphis, TN  38103

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

OPINION

The defendant, Gerald L. Webster, was found to be a motor vehicle habitual offender. Tenn. Code Ann. § 55-10-603(2)(a). The trial court barred the defendant from operating a motor vehicle in the State of Tennessee. In this appeal of right, the defendant claims that the trial court erred in its determination.

We find no error and affirm the judgment of the trial court.

On July 26, 1995, the state filed a petition asking that the defendant be declared a motor vehicle habitual offender. At trial, the defendant stipulated the evidence relied upon by the state:

> (1) an October 18, 1989, conviction for driving under the influence in the General Sessions Court of Shelby County for an offense occurring February 15, 1989;
>
> (2) an October 12, 1992, conviction for driving under the influence in the Criminal Court of Shelby County for an offense occurring January 21, 1991; and
>
> (3) a May 4, 1995, conviction for reckless driving in the Criminal Court of Shelby County for an offense occurring July 23, 1994.

See Tenn. Code Ann. §§ 55-10-401 and 55-10-205.

The Motor Vehicle Habitual Offenders Act defines a habitual offender as follows:

> Any person who, during a three-year period, is convicted in a Tennessee court or courts of three (3) or more of the following offenses; any person who, during a five-year period, is convicted in a Tennessee court or courts of three (3) or more of the following offenses; or any person who, during a ten-year period, is convicted in a Tennessee court or courts of five (5) or more of the following offenses; provided, that if the five- or ten-year period is used, one (1) of such offenses occurred after July 1, 1991:
>
> (viii) Violation of § 55-10-401, prohibiting intoxicated or

2

drugged persons from driving;

* * *

(xi) Violation of § 55-10-205, relative to reckless driving....

* * *

Tenn. Code Ann. § 55-10-603(2) (Supp. 1996).

Tennessee Code Annotated Section 55-10-604 controls as to the computation of convictions within the prescribed time period:

(c)  For the purposes of making the computation of convictions, the date of entry of conviction in the court of original jurisdiction shall control, except that offenses committed during the applicable period with regard to which convictions are imposed shall also be counted, even though such convictions are not actually entered on the records of the courts imposing them within the applicable period.

(d)  The start of the applicable period is the date of entry of conviction in the court of original jurisdiction of the first offense to be counted.

The defendant claims that he does not qualify as a habitual offender because the time between the earliest conviction date of October 18, 1989, and the last conviction date, entered May 5, 1995, exceeds five years.  In addition, he claims that the sanctions within the statute should not apply because the first offense occurred on February 15, 1989, and the last offense occurred on July 23, 1994, more than five years apart.

By using the computational guidelines provided in the statute, the trial court determined that the five-year time period began on October 18, 1989, the date of the initial conviction, and encompassed July 23, 1994, the date the last offense was committed; the time between the first conviction and commission of last offense

3

spanned an interval of only four years and nine months. Therefore, the trial court found in favor of the state.

The defendant claims in this appeal that the computation guidelines conflict with the definition of habitual offender which is limited to "any person who, during a five-year period, is convicted ... of three (3) or more" of the qualifying offenses. Tenn. Code Ann. § 55-10-603(2)(A). The defendant complains that these statutory sections create an ambiguity which should be given its most restrictive interpretation.

In matters of statutory construction the role of this court is to ascertain and give effect to the intent of the legislature. State v. Williams, 623 S.W.2d 121, 124 (Tenn. Crim. App. 1981). A basic principle of due process is that an enactment whose prohibitions are not sufficiently defined is void for vagueness. State v. Lakatos, 900 S.W.2d 699, 701 (Tenn. Crim. App. 1994). Generally, the language of a penal statute must be clear and concise to give adequate warning so that individuals might avoid the forbidden conduct. State v. Boyd, 925 S.W.2d 237, 242-43 (Tenn. Crim. App. 1995). Yet, legislative enactments must be interpreted in their natural and ordinary sense without a forced construction to either limit or expand their meaning. State v. Thomas, 635 S.W.2d 114, 116 (Tenn. 1982). Courts must construe statutes as a whole and in conjunction with their surrounding parts; the interpretation should be consistent with their legislative purpose. State v. Turner, 913 S.W.2d 158, 160 (Tenn. 1995). The meaning of a statute is to be determined not from specific words in a single sentence or section but from the act in its entirety in light of the general purpose of the legislation; any interpretations should express the intent and purpose of the legislation. Loftin v. Langsdon, 813 S.W.2d 475, 478-79 (Tenn. App. 1991); National Gas Distrib., Inc. v. State, 804 S.W.2d 66, 67 (Tenn.

4

1991).

It is well established that a specific provision relating to a particular subject controls and takes precedent over a general provision applicable to a multitude of subjects. State v. Black, 897 S.W.2d 680, 683 (Tenn. 1995). "The special provision [is] 'deemed an exception, and the general provision [is] construed to operate on all the subjects therein except the particular one which is the subject of the special provision.'" State ex rel. v. Safley, 112 S.W.2d 831, 833 (Tenn. 1938) (quoting Board of Park Comm'rs v. City of Nashville, 185 S.W. 694, 698 (Tenn. 1916)).

In our view, Tenn. Code Ann. § 55-10-604 is the more specific statute. While Tenn. Code Ann. § 55-10-603 generally addresses the three, five, and ten-year periods qualifying those subject to the Motor Vehicle Habitual Offenders Act, the statute directing the method by which that time is specifically computed must control. The natural and ordinary meaning of the language of Tenn. Code Ann. § 55-10-604(c) requires the time interval to begin on the date of the first qualifying conviction; by the terms of the specific statute, any offenses committed within a period of five years thereafter, even if no conviction takes place until later, are included.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

5

CONCUR:


_____
David G. Hayes, Judge


_____
Joe G. Riley, Judge

6