STATE of Tennessee, Plaintiff-Appellee,

v.

Charles James THOMAS, Defendant-Appellant.

Supreme Court of Tennessee, at Knoxville.

June 28, 1982.

---

**2.** A section of the Immigration and Nationality Act of 1952. 8 U.S.C. § 1185(b).

Kenneth A. Miller, Knoxville, for defendant-appellant.

Robert L. Jolley, Jr., Sr. Asst. Atty. Gen., Nashville, for plaintiff-appellee; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

BROCK, Justice.

The sole issue presented by this appeal is the constitutionality of T.C.A., § 39–3703(a)(2) (1981 Supp.). The defendant challenges the aggravated rape statute as being unconstitutionally vague.

The defendant, Charles James Thomas, was indicted for simple robbery and aggravated rape. At trial, he pled not guilty; he admitted having sexual intercourse with the victim, but claimed that she consented. The jury found the defendant not guilty of simple robbery but guilty of aggravated rape and fixed his punishment at 40 years in the State penitentiary. The defendant appealed directly to this Court pursuant to T.C.A., § 16–5–108(c).

The victim was a 19 year old female student who was attending the University of Tennessee. On September 4, 1980, the victim met the defendant, a 37 year old

male, at the bus station while she was standing outside. The defendant asked the victim where she had come from, they exchanged pleasantries, and then he departed. A few minutes later he returned and asked the victim if she wanted to have some coffee. She initially refused, but then changed her mind and joined the defendant and some of his friends in the bus station cafeteria.

Afterwards, the defendant and the victim left the station to get a beer at a nearby lounge. Knowing that the victim was new in town, the defendant then began to show her around the city. After a while, the victim expressed an interest in returning to the bus station to catch her 12:15 a. m. bus. Suddenly the defendant vigorously grabbed her back pack, held her neck in a vise grip, and beat her face with his fist. The victim tried to kick the defendant in the testicles, but the more she fought, the harder he hit. Despite her screaming, the defendant dragged her approximately 50 feet to an alcove. He performed oral sex on her and forced her to engage in oral sex with him. She pretended to be unconscious so that he would stop beating her. Instead, he engaged in sexual intercourse with her. He rummaged through her back pack and purportedly stole her bus ticket. While he lit a cigarette, she ran to get help. Wearing only a t-shirt, she was taken to the emergency room and treated for cuts in her mouth, swollen and bruised eyes, abrasions to her right forehead and thigh, a contusion to her right shoulder, blood and mucus in the vagina, and bruises to her right neck, right pelvic bone, and the anterior portion of the vagina.

T.C.A., § 39–3703(a), defines aggravated rape as "unlawful sexual penetration of another accompanied by any of the following circumstances: . . . (2) the defendant causes personal injury to the victim." Sexual penetration and personal injury are both defined in T.C.A., § 39–3702. Personal injury "means bodily injury or serious bodily injury as defined in § 39–601." T.C.A., § 39–3702(9) (1981 Supp.). Bodily injury is defined at T.C.A., § 39–601, as including "a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness or impairment of the function of a bodily member, organ, or mental facility."

It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972). The fair warning requirement embodied in the due process clause prohibits the states from holding an individual criminally responsible for conduct which he could not have reasonably understood to be proscribed. *United States v. Harris*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954). Due process requires that the law give sufficient warning so that people may avoid conduct which is forbidden. *Rose v. Locke*, 423 U.S. 48, 49–50, 96 S.Ct. 243, 244, 46 L.Ed.2d 185 (1975). The words of a statute are to be taken in their natural and ordinary sense without a forced construction to limit or extend their meaning. *Ellenburg v. State*, 215 Tenn. 153, 156, 384 S.W.2d 29, 30 (1964).

The words of T.C.A., § 39–3703(a)(2), are sufficiently precise to put an individual on notice of prohibited activities. The language sets out boundaries sufficiently distinct for the courts to fairly administer the law. The legislature by making "personal injury" a distinction between rape and aggravated rape concluded that such a distinction warranted additional punishment. The legislature is entitled to prohibit this violent and anti-social conduct in the manner chosen within certain constitutional safeguards. *See, e.g., State v. Hinsley*, 627 S.W.2d 351 (Tenn.1982).

In addition, the defendant challenges the statute on equal protection grounds. The defendant asserts that the definition of "personal injury" encourages arbitrary and discriminatory enforcement; since the jury is given no practical distinction between rape and aggravated rape. He asserts that the legislature has failed to adequately define the difference between aggravated and unaggravated rape. However, the defendant's conduct in this case falls clearly within the prohibition of this statute. The victim received cuts to her

mouth, abrasions to her forehead, and bruises on her face and other parts of the body from the beating administered by the defendant. Additionally, she suffered a large cut on her leg when she fell as she was fleeing from the defendant. Such injuries fall squarely within the confines of "personal injury" as defined by the legislature. Furthermore, even if these statutes were overlapping, there is no constitutional violation. In *United States v. Batchhelder*, 442 U.S. 114, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979), when faced with a similar challenge to two federal statutes, the court noted that when an act violates more than one criminal statute, the government may prosecute under either, so long as it does not discriminate against any class of defendants. The decision to prosecute and what charge to bring before a grand jury are decisions that generally rest in the prosecutor's discretion. 442 U.S. at 124, 99 S.Ct. at 2204. Since the conduct of the defendant clearly caused personal injury to the victim, there is no equal protection violation.

For the foregoing reasons, we conclude that T.C.A., § 39–3703(a)(2), is constitutional. Costs incurred upon appeal are taxed against the defendant.

HARBISON, C. J., and FONES, COOPER and DROWOTA, JJ., concur.