STATE of Tennessee, Appellee,

v.

Steven Glenn MORGAN, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

July 6, 1983.

William M. Leech, Jr., Atty. Gen., Wayne
E. Uhl, Asst. Atty. Gen., Nashville, B. Rex
McGee, Asst. Dist. Atty. Gen., Knoxville,
for appellee.

Daniel J. Goodman (Trial), Kenneth D.
McCasland, Jr., Knoxville, Daniel J. Good-
man, (Appeal), Stephen J. Lusk, Knoxville,
for appellant.

## OPINION

WALKER, Presiding Judge.

The appellant, Steven Glenn Morgan, ap-
peals from his convictions for aggravated
rape, aggravated kidnapping, assault with
intent to commit rape and also two convic-
tions for assault and battery. His sen-
tences are 20 years each for the rape and
kidnapping, a term of one to two years for
the felony assault and terms of 11 months
and 29 days for each of the misdemeanors.
The trial judge ordered that all sentences
be served concurrently.

The convictions are based on three indict-
ments against Morgan returned by the
Knox County grand jury on November 30,
1981.

No. 13030 charged in a single count that
appellant had assaulted Cherri Hickey with
the intent to commit rape.

No. 13073 charged in the first count that
appellant had committed aggravated rape
against Gloria Jean Kitzke, using a weapon
to force and coerce her to engage in sexual
penetration forcibly and against her will;
and in the second count that appellant had
assaulted Ms. Kitzke with intent to commit
murder in the first degree.

No. 13074 charged in the first count that
appellant committed the aggravated kid-
napping of Cherri Hickey, during which he
committed an assault with intent to rape

her; and in the second count that he had assaulted Ms. Hickey with intent to commit murder in the first degree.

By consent the three cases were consolidated for trial. The principal issues on appeal resulted from the verdicts returned by the jury and the procedure followed by the court at that time.

When the jury first returned from its deliberations, the foreman announced verdicts only in the two-count indictments, numbers 13073 and 13074. The trial judge then asked for its verdict in the third case, to which the foreman replied: "That's the one we missed." By his remarks the foreman thought that the jury had not received the papers in that case. The trial judge examined the papers that had been returned to the bench by the bailiff, took from them the indictment and instructions pertaining to this case, gave them back to the foreman and told the jury to deliberate further on the assault to commit rape offense. The jury soon returned with its verdict of guilty of that offense with punishment fixed at not less than one nor more than two years in the penitentiary. At that time the trial judge again inquired of the jury as to its verdicts in all three cases and the jury indicated that those were its verdicts in all the cases.

While the jury was deliberating on the third case (no. 13030), the trial judge took testimony from the matron and the bailiff to the effect that these court officers returned to the trial judge the exact papers handed to the matron by the foreman. In the proceedings the trial judge said that the bench was clear of papers at that time and that indictment no. 13030 was on the top of the stack of papers returned by the jury. From this record it is apparent that the indictment and instructions pertaining to case no. 13030 were sent to the jury when it first retired although the jury was initially in some confusion about these papers.

The appellant complains because the trial judge refused to admit into evidence the affidavit of Juror Setzer to the effect that the jury initially considered only the rape and kidnapping charges. The affidavit stated that if jurors had known that they could find the appellant guilty of a lesser offense they would not have returned the verdicts of aggravated rape and aggravated kidnapping.

The trial court's decision was correct. A juror may not impeach his or her verdict on the basis of the jury's internal deliberative process. A juror is not permitted to testify about the jury's decision-making process or deliberative discussions unless this testimony shows that extraneous prejudicial information or outside influence was improperly brought to bear on the jury. *Montgomery v. State*, 556 S.W.2d 559 (Tenn.Cr.App.1977).

We note that the trial judge in his instructions on aggravated rape and aggravated kidnapping also charged the jury on the lesser offenses of simple rape and simple kidnapping. The jury obviously knew that it could find the appellant guilty of lesser offenses than aggravated rape and aggravated kidnapping. In any event, the appellant's contention is meritless.

The appellant's assertion that the trial judge should have instructed the jury to reconsider all of their verdicts is without merit. The jury had returned valid verdicts on aggravated rape and aggravated kidnapping after being instructed on the lesser included offenses. Its failure at that time to consider the third indictment could not have prejudiced the appellant. Since the first verdicts were completely valid, there was no reason to instruct the jury to reconsider them.

Likewise without merit is the appellant's contention that the court did not explain to the jury the aggravating circumstance of the aggravated kidnapping charge. The trial judge instructed the jury that assault with intent to commit rape was the aggravating circumstance in the aggravated kidnapping charge. Soon thereafter he explained that underlying offense fully in defining the offense of assault with intent to commit rape. This record shows that the jury had explained to it the conduct which heightened the kidnapping of-

fense to an aggravated felony status. The explanation was proper and adequate. See *State v. Moore*, 614 S.W.2d 348 (Tenn.1981).

 Although the appellant does not challenge the sufficiency of the evidence, we will outline the facts underlying these convictions.

Soon after midnight on November 20, 1981, the appellant, carrying a lug wrench in a threatening manner, approached Gloria Kitzke on the parking lot of a grocery store. He forced her into her parked car. Appellant threatened to kill her, choked her, bit her on the cheek, and forced her to perform fellatio before she managed to kick the door open and escape. Appellant abandoned Ms. Kitzke's automobile leaving the tire tool and his checkbook behind.

A short time later, appellant went to a nearby apartment complex parking lot where he found Cherri Hickey walking to her apartment after returning from work. Appellant seized Ms. Hickey about the waist and neck, dragged her into his automobile, and warned her to be quiet or he would kill her. He told her he wanted sex and choked her so violently that she temporarily lost consciousness. She struggled out of the car and was helped by neighbors who were returning home. Another neighbor, alerted by Ms. Hickey's screams, followed appellant to his apartment house and called police who arrested appellant. Ms. Hickey's purse, car keys, and shoes were found in appellant's car. The assault with intent to commit rape conviction, the aggravated kidnapping and assault and battery convictions stem from appellant's conduct against Cherri Hickey. The remaining convictions were based on his attack upon Gloria Kitzke. Ample evidence supports all the convictions. T.R.A.P. 13(e).

 Finally, on appeal, for the first time, the appellant challenges the constitutionality of T.C.A. 39–2–603. He argues that the entire aggravated rape statute is unconstitutionally vague and void because TCA 39–2–603(a)(2) defines one form of aggravated rape as "the unlawful sexual penetration of another accompanied by ... personal inju-

ry to the victim." That particular subsection does not explicitly say that unlawful sexual penetration must be accomplished by force and coercion. Hence, the appellant argues that *permissive* sexual conduct that causes personal injury could be punished as aggravated rape. For that reason, he says that the statute is unconstitutionally vague.

Our supreme court has upheld the constitutionality of TCA 39–2–603(a)(2) against the challenge that it is unconstitutionally vague. *State v. Thomas*, 635 S.W.2d 114 (Tenn.1982). In doing so, it held that words of a statute are to be taken in their natural and ordinary sense without a forced construction to limit or extend their meaning.

 The appellant in this case, however, was charged under TCA 39–2–603(a)(1) defining aggravated rape as unlawful sexual penetration of another accomplished by force or coercion along with the use of a weapon. This provision expressly mentions force and coercion, and the appellant does not insist that this subsection is vague. Under the authority of *State v. Thomas*, supra, we conclude that TCA 39–2–603(a)(1) is constitutional.

All issues have been considered and are found to be without merit.

The convictions are affirmed.

DAUGHTREY and BYERS, JJ., concur.