# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

ROBERT BEAN, FRANKLIN SHAFFER, )
DAVID AUTRY, MACK ROBERTS, )
          )
    Plaintiffs/Appellants, )
          )
          )
VS. )
          )
          )
NED RAY McWHERTER, in his capacity as )
Governor of the State of Tennessee, )
CHARLES W. BURSON, Attorney General of )
the State of Tennessee, TENNESSEE )
WILDLIFE RESOURCES COMMISSION and )
GARY MYERS, Director of the Wildlife )
Resources Agency, )
          )
    Defendants/Appellees. )

**FILED**

**February 1, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

Appeal No.
M1999-01493-COA-R3-CV

Davidson Chancery
No. 91-2558-I

## OPINION ON PETITION TO REHEAR

      The appellants have asked the court to rehear this appeal because we did not address the facial conflict between the definitions of Class II and Class III wildlife, leaving the public without any guidance as to what species are in Class II. Since the possession of Class II wildlife without a permit is a crime, and no permit is required for the possession of those species in Class III, the determination of what is included in Class II is the critical determination. And a person of ordinary intelligence must be able to make it. *State v. Thomas*, 635 S.W.2d 114 (Tenn. 1982).

      As we pointed out in the opinion the definition of Class II is perhaps the simplest of all: native species not listed in other classes. The appellants argue, however, that since the Class III definition also includes "all species not listed in other classes" and there is no list in Class II, there is nothing left in Class II.

      If the appellants are correct in their analysis (a point on which we express no opinion), then they are under no threat of prosecution for possessing wildlife not listed in Classes I, IV and V. All other species would fall under Class III, which requires no permits except those required by the Department of Agriculture. Tenn. Code Ann. § 40-4-403(3). But this is not a fatal case of vagueness; rather it is an ambiguity which requires the application of rules of construction. "That is not

uncertain or vague which by the orderly processes of litigation can be rendered sufficiently definite and certain for purposes of judicial decision." *Donathan v. McMinn County*, 213 S.W.2d173 at 176 (Tenn. 1948). What is certain is that the legislature intended to require a permit for the possession of certain classes of animals. The courts can, on the issue being properly presented, decide whether there is a Class II or whether Class III occupies the entire field of unlisted species. We do not think the confusion renders the statute unconstitutionally vague.

We, therefore, overrule the petition to rehear.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE

2