IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 18, 2002

## JOHN H. WILLIAMS, JR. v. KEVIN MYERS, WARDEN

**Direct Appeal from the Circuit Court for Wayne County**
**No. 12643      Jim T. Hamilton, Judge**

---

**No. M2002-00855-CCA-R3-CO - Filed December 20, 2002**

---

The Petitioner was convicted in 1988 of felony murder and is currently serving a life sentence. After exhausting his direct and post-conviction appeals, the Petitioner filed a petition for a writ of habeas corpus, which the trial court subsequently denied. The Petitioner now appeals the denial of his petition, arguing that the convicting court lacked subject matter jurisdiction due to a defective indictment and that the statute governing first degree murder at the time of his trial was unconstitutionally vague. He contends that for these reasons, his conviction is illegal. Having reviewed the Petitioner's claims, we conclude that the original indictment upon which the Petitioner's conviction was based was not defective and thus that the convicting court was not without subject matter jurisdiction. We further conclude that the statute governing the Petitioner's conviction is not unconstitutionally vague. We therefore affirm the judgment of the trial court in denying the petition for a writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

John H. Williams, Jr., Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; and Renee W. Turner, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

The Petitioner, John Harold Williams, is serving a life sentence for felony murder, having been convicted of the crime in 1988. On direct appeal, this Court affirmed the Petitioner's conviction, and the Tennessee Supreme Court denied permission to appeal. See State v. Jeff Leon Walker, No. 10, 1990 Tenn. Crim. App. LEXIS 686 (Tenn. Crim. App., Jackson, Oct. 17, 1990) . This Court also affirmed the denial of post-conviction relief. See John Williams v. State, No. 02C01-9704-CC- 00148, 1997 Tenn. Crim. App. LEXIS 812 (Tenn. Crim. App., Jackson, Aug. 27,

1997); State v. John Harold Williams, Jr., No. 02C01-9211-CC-00255, 1993 Tenn. Crim. App. LEXIS 872 (Tenn. Crim. App., Jackson, Dec. 22, 1993). The Petitioner subsequently filed a petition for a writ of habeas corpus, and the trial court denied the petition. In this pro se appeal,[1] the Petitioner appeals the denial of his petition for a writ of habeas corpus, arguing that his conviction is illegal (1) because the trial court lacked subject matter jurisdiction due to a defective indictment and (2) because the statute governing first degree murder at the time of his trial was so vague that it was unconstitutional.

Article I, Section 15 of the Tennessee Constitution guarantees its citizens the right to seek habeas corpus relief. In Tennessee, a "person imprisoned or restrained of [his] liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101. The grounds upon which habeas corpus relief will be granted are very narrow. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). " Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment. A voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer v. State, 851 S.W.2d 157, 161 (Tenn. 1993)). Thus, a writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the sentence of imprisonment or other restraint has expired. Archer, 851 S.W.2d at 164; Potts, 833 S.W.2d at 62. The petitioner bears the burden of showing by a preponderance of the evidence that the conviction is void or that the prison term has expired. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 Tenn. Crim. App. LEXIS 282, at *2 n.2 (Tenn. Crim. App., Jackson, Mar. 11, 1998). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. It is permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary

---

[1] Although the Petitioner proceeded pro se at the trial level with regard to his habeas corpus petition, he requests in his brief that counsel be appointed to represent him. The appointment of counsel in a habeas corpus proceeding is discretionary: Tennessee Code Annotated § 40-14-204 provides that "[i]n all proceedings for the writ of habeas corpus . . . , the court having jurisdiction of such matters shall determine the question of indigency and appoint counsel, if necessary, in the manner set out in this part." Furthermore, there is no constitutional right to counsel in habeas corpus proceedings. Tim Denton v. State, No. 03C01-9712-CR-00536, 1999 Tenn. Crim. App. LEXIS 493, at *3 (Tenn. Crim. App., Knoxville, May 17, 1999) (citing Weatherly v. State, 704 S.W.2d 730, 732 (Tenn. Crim. App. 1985)). This Court has held that "when a petition has been competently drafted and conclusively shows that the petitioner is entitled to no relief, the trial court may order the petition dismissed without the appointment of counsel and without an evidentiary hearing." Id. In this case, we find no indication in the record that the Petitioner made a proper request for counsel, by motion or otherwise, at any other point prior to this appeal. See Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.") We further note that the petition in this case was competently drafted and that it shows that the Petitioner is not entitled to relief. For these reasons, we decline to appoint counsel.

hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. See Passarella, 891 S.W.2d at 627; Rodney Buford v. State, No. M1999-00487-CCA-R3-PC, 2000 Tenn. Crim. App. LEXIS 577, at * 5 (Tenn. Crim. App., Nashville, July 28, 2000). Because the determination of whether habeas corpus relief should be granted is a question of law, our review is de novo with no presumption of correctness. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

## I. VALIDITY OF INDICTMENT

The Petitioner's contention that the trial court lacked the authority to render the judgment against him is an issue appropriately raised in a petition for habeas corpus relief. Although in most instances, a challenge to the sufficiency of an indictment is not cognizable in a habeas corpus proceeding, see Haggard v. State, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971); Tenn. R. Crim. P. 12(b)(2) (stating that "defenses and objections based on defects in the indictment" must be raised prior to trial), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes, 978 S.W.2d at 529. Nonetheless, we conclude that the Petitioner's argument concerning the validity of the charging instrument is without merit.

The indictment at issue provides as follows:

The Grand Jurors of Madison County, State of Tennessee, duly elected, impaneled, sworn and charged to inquire for the body of the County of Madison and State aforesaid, upon their oath present:

That JEFF LEON WALKER, JOHN HAROLD WILLIAMS, JR. and BETTY M. PETERSON late of the said County, heretofore, to-wit: On the _____ day of JULY A.D. 1986, and prior to the finding of this indictment, in the County and State aforesaid, did unlawfully, willfully, feloniously, premeditatedly, maliciously, deliberately, and of their malice aforethought, kill and murder SAM MAYHALL by striking and beating the said SAM MAYHALL with a tire tool and a knife, a more particular description to the Grand Jurors aforesaid unknown, in violation of Section 39-2-202, Tennessee Code Annotated, and against the peace and dignity of the State of Tennessee. . . .

SECOND COUNT: And the Grand Jurors aforesaid, upon their oath aforesaid, further present: That on the day and year aforesaid, in the County and State aforesaid, the said JEFF LEON WALKER, JOHN HAROLD WILLIAMS, JR. and BETTY M. PETERSON did unlawfully, willfully, feloniously, premeditatedly, maliciously, deliberately, and of their malice aforethought, kill and murder SAM MAYHALL by striking and beating the said SAM MAYHALL with a tire tool and a knife, a more particular description to the Grand Jurors aforesaid unknown, while in the commission of a felony, to-wit: ARMED ROBBERY, in violation of Section 39-2-202, Tennessee Code Annotated, and against the peace and dignity of the State of Tennessee.

A handwritten note written by the trial judge on the indictment indicates that the first count of the indictment was amended to apply to "Williams only." In addition, the trial judge struck the words "willfully, feloniously, premeditatedly, maliciously, deliberately, and of their malice aforethought" by hand from the second count. The record indicates that the trial court struck the language from the second count because it was "duplicitous" in that it contained elements of both first degree premeditated murder, alleged in the first count, and felony murder. After considerable discussion by the attorneys for both sides and the trial court, both of these changes were made during trial, with the consent of the defense. See Tenn. R. Crim. P. 7(b) ("An indictment . . . may be amended in all cases with the consent of the defendant. If no additional or different offense is thereby charged and no substantial rights of the defendant are thereby prejudiced, the court may permit an amendment without the defendant's consent before jeopardy attaches.")

As a general matter, "[t]he indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . ." Tenn. Code Ann. § 40-13-202. It is well settled that an indictment must provide sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). Our supreme court has held that the above-cited analysis should be used to determine the sufficiency of indictments for both pre- and post-1989 crimes. Dykes, 978 S.W.2d at 530.

The statute governing first degree murder which was in effect at the time of the Petitioner's conviction provided, in pertinent part, as follows: :

> Every murder perpetrated by means of poison, lying in wait, or by other kind of willful, deliberate, malicious, and premeditated killing, or committed in the perpetration of, or attempt to perpetrate, any murder in the first degree, arson, rape, robbery, burglary, larceny, kidnapping, aircraft piracy, or the unlawful throwing, placing or discharging of a destructive device or bomb, is murder in the first degree.

Tenn. Code Ann. § 39-2-202(a) (1982). The pre-1989 felony murder statute did not require a separate mens rea for the killing. See id.

We conclude that the indictment in this case clearly apprized the Petitioner of the crimes of which he was charged, that it furnished the trial court an adequate basis for the entry of its judgment, and that it protected the Petitioner from double jeopardy. The indictment stated the crimes charged, cited the appropriate statute, included the appropriate mens rea for the crime of premeditated first degree murder, and specified the means by which the crimes were committed. Specific terms were appropriately deleted from the second count of the indictment to avoid charging the Defendant twice with the same crime and to aid the jury in understanding which specific crimes were charged. Furthermore, we find no error by the trial court in modifying the first charge of the indictment to apply to only the Petitioner. This change did not result in any new charges against the Petitioner. Finally, we note that the two counts of the indictment alleged alternative means of committing the

-4-

same offense, murder. However, the Petitioner was convicted of felony murder, charged in the second count as amended, but not of premeditated first degree murder, charged in the first count. Thus, he was not prosecuted nor punished twice for the same offense, and he was not subjected to a double jeopardy violation. See James E. Martin v. Howard Carlton, No. 03C01-9807-CR-00253, 1999 Tenn. Crim. App. LEXIS 560, at *11 (Tenn. Crim. App., Knoxville, June 7, 1999). For these reasons, we conclude that the indictment, even as modified, was not so defective as to deprive the trial court of jurisdiction.

## II. CONSTITUTIONALITY OF THE STATUTE

The Petitioner's second claim is also cognizable in a habeas corpus proceeding. In his second claim of error, the Petitioner challenges the constitutionality of the 1982 first degree murder statute, arguing that it is so vague and "[c]onfusing" that it is unconstitutional on its face. If the statute were unconstitutional, it would be void from its date of enactment, see Capri Adult Cinema v. State, 537 S.W.2d 896, 900 (Tenn. 1976), and therefore, the trial court would have lacked the subject matter jurisdiction to hear the Petitioner's case, rendering its judgment of conviction void. See Archer, 851 S.W.2d at 160 ("[T]he writ is available to contest convictions imposed under unconstitutional statutes, because unconstitutional law is void and can, therefore, create no offense.").

Generally, the language of a penal statute must be clear and concise to give adequate warning so that individuals might avoid the prohibited conduct. See State v. Boyd, 925 S.W.2d 237, 242-43 (Tenn. Crim. App. 1995). A statute is void for vagueness if it is not "sufficiently precise to put an individual on notice of prohibited activities." State v. Thomas, 635 S.W.2d 114, 116 (Tenn. 1982); see also State v. Wilkins, 655 S.W.2d 914, 915 (Tenn. 1983). A criminal statute "shall be construed according to the fair import of [its] terms" when determining if it is vague. Tenn. Code Ann. § 39-11-104. "Due process requires that a statute provide 'fair warning' and prohibits holding an individual criminally liable for conduct that a person of common intelligence would not have reasonably understood to be proscribed." State v. Burkhart, 58 S.W.3d 694, 697 (Tenn. 2001) (citing Grayned v. City of Rockford, 408 U.S. 104, 108 (1972)).

Nevertheless, our supreme court has noted that "absolute precision in drafting prohibitory legislation is not required since prosecution could then easily be evaded by schemes and devices." Wilkins, 655 S.W.2d at 916; see also Burkhart, 58 S.W.3d at 697. To determine whether a statute is unconstitutionally vague, a court should consider whether the statute's prohibitions are not clearly defined and are thus susceptible to different interpretations regarding that which the statute actually proscribes. State v. Whitehead, 43 S.W.3d 921, 928 (Tenn. Crim. App. 2000). A statute is not unconstitutionally vague "'which by orderly processes of litigation can be rendered sufficiently definite and certain for purposes of judicial decision.'" Wilkins, 655 S.W.2d at 916 (quoting Donathan v. McMinn County, 213 S.W.2d 173, 176 (1948)). Appellate courts are charged with upholding the constitutionality of statutes wherever possible. State v. Lyons, 802 S.W.2d 590, 592 (Tenn. 1990).

We conclude that the statute in this case is sufficiently precise to have put the Petitioner on notice of the charges against him. See Thomas, 635 S.W.2d at 116. We also conclude that a person of common intelligence could reasonably understand what acts the statute proscribes. See Burkhart, 58 S.W.3d at 697. The terms of the statute are clear. We thus conclude that the statute under which the Petitioner was convicted was not unconstitutionally vague. In reaching this conclusion, we note that the Tennessee Supreme Court, while not specifically addressing the issue of vagueness, has upheld the constitutionality of the pre-1989 felony murder statute on the basis that it "does not violate the due process clause of the Fifth Amendment to the United States Constitution." State v. Middlebrooks, 840 S.W.2d 317, 336 n.2 (Tenn. 1992) (citing State v. Barber, 753 S.W.2d 659, 671 (Tenn. 1988)); see State v. Godsey, 60 S.W.3d 759, 773 (Tenn. 2001); Barber, 753 S.W.2d at 671 (holding that the pre-1989 felony murder statute was not unconstitutional in that it did not violate due process or double jeopardy).

Accordingly, we AFFIRM the trial court's denial of the Petitioner's petition for a writ of habeas corpus.

_____
ROBERT W. WEDEMEYER, JUDGE