IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 22, 2005

## STATE OF TENNESSEE v. SHANE M. MCANALLY

**Appeal from the Circuit Court for Bedford County**
**No. 15666     Lee Russell, Judge**

_____

**No. M2005-00774-CCA-R3-CD - Filed May 3, 2006**

_____

David G. Hayes, Judge, dissenting.

My colleagues conclude that, under the facts of this case, the appellant's act of urinating in the patrol car constitutes vandalism. I respectfully disagree.

The majority concludes that the appellant "damaged the patrol car by contaminating it,"although no pecuniary damages were proven at trial. Additionally, the majority concludes that the appellant "tampered with the patrol car" by his act of urination. I am unable to agree with either of these conclusions.

The majority defines "contaminating" as "to soil, stain, defile, taint, make impure or unclean by contact." Tampering is defined as "to interfere in a harmful manner." I have concerns that application of these broadly defined acts would subject a considerable number of good citizens of this State on any given date to criminal prosecution for vandalism. For example, a person who enters a building with dirt on his or her feet (soiling) or who spills anything on the floor (staining) could be convicted of vandalism without proof of any pecuniary damages to the property. "Due process requires that the law give sufficient warning so that people avoid conduct which is forbidden." *State v. Thomas*, 635 S.W.2d 114, 116 (Tenn. 1982) (citing *Rose v. Locke*, 423 U.S. 48, 49-50, 96 S. Ct. 243, 244, 46 L.Ed.2d 185 (1975). In addition, the Tennessee Supreme Court stated, "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Id*. (citing *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S. Ct. 2294, 2298, 33 L.Ed. 2d 222 (1972)).

More importantly, as previously expressed, I conclude that under the facts of this case, the appellant's act of urinating in public is not encompassed by the crime of vandalism. Vandalism, which is codified in Chapter 14, Offenses Against Property, of our criminal code is directed at the damage or destruction of the property of another. T.C.A. § 39-14-408. Acts of vandalism are to be valued according to the provisions of Tennessee Code Annotated section 39-11-106(a) (36) (2003).

The act of urinating in a public place is prosecuted under every Model Code jurisdiction in these United States under the offense of disorderly conduct. As relevant here, a person commits disorderly conduct when, "in a public place and with intent to cause public annoyance . . . (3) [he or she] creates a physically offense condition by any act that serves no legitimate purpose." T.C.A. § 39-17-305(a)(3) (2003). These are the facts as presented by the prosecution in this case. Indeed, as evidenced by no proof of damages, it is the appellant's offensive conduct which is at issue and not the harm to property.

By overcharging the Class A misdemeanor offense of vandalism instead of disorderly conduct, a Class C misdemeanor, the State has indicted upon the wrong crime. For the above reasons, I would reverse and dismiss the conviction.

_____
DAVID G. HAYES, JUDGE