IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 28, 2017


## STATE OF TENNESSEE v. EDWARD JEROME HARBISON

### Appeal from the Criminal Court for Hamilton County
No. 154361, 154362  Thomas C. Greenholtz, Judge

_____

### No. E2017-00520-CCA-R3-CD
_____

The defendant, Edward Jerome Harbison, was convicted of first-degree murder, second degree burglary, and grand larceny for the 1983 death of Edith Russell and sentenced to death. *State v. Harbison*, 704 S.W.2d 314 (Tenn. 1986). The defendant's death sentence was eventually commuted, and he is currently serving a term of life imprisonment without the possibility of parole. After numerous appeals, the defendant filed the present motion to correct an illegal sentence pursuant Tennessee Rule of Criminal Procedure 36.1. The defendant argues his sentence under the prior Tennessee statute, Tennessee Code Annotated § 39-2-202(a) (1982), is unconstitutional in addition to a plethora of other claims. Having reviewed the record and the procedural history of the defendant's convictions, we conclude that the defendant's claims are either not cognizable under Rule 36.1 and/or have been previously reviewed and resolved by our courts. As a result, the defendant is not entitled to relief.


### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

J. ROSS DYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Edward Jerome Harbison, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas White Spangler, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Courtney Nicole Orr, Assistant District Attorney General, for the appellee, State of Tennessee.


### OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

The defendant was convicted of first-degree murder, second-degree burglary, and grand larceny for the 1983 death of Edith Russell. *Harbison*, 704 S.W.2d at 315. He was sentenced to death for his first-degree murder conviction and to three years for his second-degree burglary and grand larceny convictions. *Id.* On appeal, the defendant challenged, among other issues, the sufficiency of the evidence supporting his conviction, the voluntariness of his confession, and the effectiveness of his counsel. The Tennessee Supreme Court found no errors and affirmed his convictions. *Id.*

The defendant subsequently filed a petition for post-conviction relief. *Harbison v. State*, No. 03C01-9204-CR-00125, 1996 WL 266114, at *1 (Tenn. Crim. App. May 29, 1996), *perm. app. denied* (Tenn. Nov. 12, 1996). After a hearing, the post-conviction court rejected the defendant's challenges to: the sufficiency of the evidence of premeditation and deliberation; the jury instruction on instant premeditation; the effectiveness of trial and appellate counsel; and the constitutionality of the felony-murder and death-penalty statutes. *Id.* On appeal, this Court affirmed the post-conviction court, determining the defendant's claims were either previously litigated or disposed of by the Tennessee Supreme Court, or were without merit in light of established law and concluding "[t]here can be absolutely no doubt" the evidence was "clearly sufficient." *Id.* at *2-12.

Next, the defendant filed a motion to reopen his post-conviction petition based on a claim of newly discovered evidence, violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and ineffective assistance of appellate counsel. *Harbison v. State*, No. E2004-00885-CCA-R28-PD, 2005 WL 1521910, at *1 (Tenn. Crim. App. June 27, 2005), *perm. app. denied* (Tenn. Dec. 19, 2005). The trial court, upon the defendant's request, converted the filing to a petition for writ of error coram nobis. *Id.* After a hearing, the trial court denied the petition as time barred concluding, "the time within which the petition was filed exceeds the reasonable opportunity afforded by due process." *Id*. at *4. In affirming the trial court's ruling, this Court noted in the relevant part:

> Although the [defendant] claims that he could not file his petition until his federal habeas corpus proceeding was resolved and that he was not afforded an avenue of relief until the *Workman* decision in 2001, we agree with the trial court that the [defendant] had ample opportunity to file his petition for error coram nobis and that he waited an unreasonable time to do so. *Cf.* [*Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001)] (petitioner filed his petition thirteen months after discovering the newly discovered evidence). In any event, unlike *Workman*, the trial court in the present case held an evidentiary hearing. At the hearing, the [defendant's] trial, direct appeal, and post-conviction attorneys testified. [The defendant's] . . . trial attorney[] testified that he was aware of allegations that the victim was

involved in selling stolen property and was aware of Ray Harrison. According to David Boss's statement to police, Ray Harrison and at least one other person were in the [victim's] house and "they" ran when the victim entered her home. At best, the police department records indicate that Ray Harrison was in the [victim's] home at the time of the crime. They in no way exculpate the [defendant]. Additionally, at the end of the evidentiary hearing, the [defendant] failed to show conclusively that [the defendant's trial attorney] had represented Ray Harrison. The conclusion that [the defendant's trial attorney] had a conflict of interest in representing the [defendant] would be little more than speculation by this court. In light of the [defendant]'s confession and the fact that the police found property stolen from the victim's home in the [defendant]'s girlfriend's apartment and fragments from the murder weapon in the [defendant]'s car, the [defendant] is not entitled to error coram nobis relief.

*Id.* at *5-6.

In 2007, the defendant filed a second motion to reopen his post-conviction petition or, in the alternative, a petition for writ of error coram nobis. *Harbison v. State*, E2011-01711-CA-R3-PC, 2012 WL 1956757, at *1, 5 (Tenn. Crim. App. May 31, 2012), *perm. app. denied* (Tenn. Dec. 10, 2012). The trial court dismissed the motion, finding it did not satisfy the statutory grounds for a motion to reopen and the coram nobis issue had previously been addressed by the courts and was not cognizable. *Id.* at *5. The court rejected the defendant's arguments challenging: the constitutionality of his arrest, based on certified copies of the Chattanooga City Court docket for the day of his arrest showing that it was not pursuant to a warrant; and, the non-disclosure of the lack of a warrant. *Id.* The defendant initiated an appeal from that denial, but he voluntarily dismissed the appeal to pursue executive clemency. *Id.* In January 2011, the Governor commuted the defendant's death sentence to life imprisonment without the possibility of parole. *Id.* Although the sentence of "life without the possibility of parole" can be imposed by a court judgment only when the murder occurred on or after July 1, 1993, (and the homicide in the petitioner's case occurred in 1983), a Governor's commutation can set a sentence of incarceration that would not be authorized by statutory law, "[w]here the original sentence is valid and the [Governor] having the power to commute sentences, the commuted sentence cannot be unlawful merely because the statutes do not authorize the courts to fix such punishment in the first instance." Tenn. Op. Atty. Gen. No. 95-081, 1995 WL 473748, *2 (Aug. 8, 1995) (quoting *Stroud v. Johnston*, 139 F2d 171, 172 (9th Cir. 1943)). "Further, it is clear that the Governor can commute a death sentence to life without parole under whatever circumstances he deems it appropriate despite the implications of any statute or sentencing guidelines to the contrary." *Id.*

In May 2011, the defendant filed an additional writ of error coram nobis, alleging newly discovered evidence to support his previously litigated claim that he was subjected to a warrantless arrest. *Id.* Specifically, the defendant argued new evidence indicated a warrantless, and therefore unconstitutional, arrest. The coram nobis court dismissed the defendant's claim. *Id.* On appeal, this Court noted in the relevant part:

> [The defendant] has obtained a thorough review of his issues over almost thirty years. In state court, his claims have been subjected to direct review, one petition for post-conviction relief, and three petitions for error coram nobis relief. He has also been denied habeas corpus relief in federal court. Moreover, his death sentence was commuted to life imprisonment without the possibility of parole by the Governor. All of [the defendant's] claims not addressed in this opinion have been previously litigated and are outside of the parameters of the writ of error coram nobis. Tenn. Code. Ann. § 40-26-105(b) (Supp. 2011).

*Id.* at *7.

In 2013, the defendant filed a motion to reopen his post-conviction proceedings, claiming "that the United States Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), established a newly recognized constitutional right to effective assistance of counsel at first-tier collateral proceedings and that this constitutional right was not recognized at the time of his trial." Order, *Harbison v. State*, No. E2013-01336-CCA-R28-PC, slip op. at 2 (Tenn. Crim. App. Aug. 1, 2013), *perm. app. denied* (Tenn. Jan. 12, 2014). The post-conviction court denied the motion, and the defendant filed an application for permission to appeal to this Court. *Id.* This Court held *Martinez* did not announce a new constitutional rule that required retrospective application and denied the defendant's application for permission to appeal. *Id.* at 3-4.

In 2014, the defendant filed another motion to reopen post-conviction proceedings. Order, *Harbison v. State*, No. E2014-01830-CCA-R28-PC, slip op. at 1 (Tenn. Crim. App. Nov. 4, 2014), *perm. app. denied* (Tenn. Mar. 11, 2015). The trial court denied the motion. *Id.* at 2. The defendant filed an application for permission to appeal to this Court, which was also denied. *Id.* at 3.

On November 22, 2016, the defendant filed the present motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The Hamilton County Criminal Court reviewed all the documents filed by the defendant and interpreted the defendant's claims as follows:

- 4 -

(1) at the time of the defendant's second seizure, the taint of his first seizure had not attenuated; (2) officers misrepresented their authority; (3) his confession and other evidence should have been excluded; (4) he was indicted of first-degree premeditated murder and first-degree felony murder of the same victim; (5) "that various 1970s enactments relating to first-degree murder and its punishment were invalid;" (6) that the first-degree murder statute in effect at the time of the offense, on its face and as applied, was vague, overbroad, exceeded its caption, constituted an ex post facto law, and allowed double jeopardy; (7) that, consequently, the indictment was multiplicitous and invalid; (8) that the defendant requested discovery; (9) that prosecutors did not disclose the affidavit of complaint, information contradicting officer's accounts "of the existence or date of arrest and search warrant" and any agreements between the State and officers not to prosecute the officers for perjury; (10) that, "though they have yet to admit it, officers fabricated evidence and testified falsely;" (11) that the State knew about the officers' dishonesty but nevertheless presented fabricated evidence; (12) that the defendant was unable to fully confront witnesses or present a defense; (13) that the State did not elect offenses and that the petitioner was convicted of both first-degree premeditated murder and first-degree felony murder; (14) "that it is impossible to re-kill someone;" (15) that there was insufficient evidence to support both convictions for first-degree murder and that there was a constructive amendment to the indictment; (16) that the trial court was required to merge verdicts of guilt of the same offense into a single conviction; (17) that, consequently, the court did not have jurisdiction to enter two convictions for first-degree murder; (18) that trial counsel and appellate counsel were ineffective; (19) that the defendant's prior claims for relief had been rejected because of the prosecutor's misconduct, "including ongoing defiance of discovery orders;" (20) that, as a consequence, procedural bars should not apply to the defendant's claims; (21) that the defendant had presented a colorable claim of illegality within the meaning of Tenn. R. Crim. P. 36.1; and (22) that the date of his arrest was February 21, not 22, of 1983.

The trial court found the defendant's three-year sentence for second-degree burglary and grand larceny had expired, and the Rule 36.1 motion was not timely as to those convictions. The trial court also noted the commutation of the defendant's death sentence rendered the issue of illegality, as to that sentence, moot.

As to the other claims, the trial court acknowledged the defendant conceded many of his claims were not cognizable under Rule 36.1, and explained it is not authorized to examine any claim unless the claim directly involves the illegality of a sentence within

the definitions outlined in Rule 36.1. The trial court, therefore, concluded the defendant did not state a colorable claim for Rule 36.1 relief.

The trial court also concluded that even if it were to treat the present motion as a habeas corpus claim, the claim was without merit. The trial court stated the only ground for issuance of the writ of habeas corpus is an imprisonment or restraint on liberty that derives from a void judgment or an unexpired sentence. The trial court concluded none of the issues raised in the defendant's motion rendered the judgment void, only potentially voidable.

Next, the trial court concluded the filings did not present a claim for writ of error coram nobis because the alleged fabrications of evidence, false testimony, and prosecutorial misconduct were not newly discovered evidence and "dispositions of the prior claims for the writ preclude the [c]ourt from reconsidering those claims." Further, the instant petition was filed outside the one-year statute of limitations and due process did not toll the statute.

The trial court's denial order was entered on February 8, 2017. On February 23, 2017, the defendant filed a "Motion for Extension of Time to File Opposition of Having Defendant's Rule 36.1 Dismissed." The trial court granted the defendant's motion on February 28, 2017. The defendant filed a response to the order, alleging that he had presented a colorable claim his "sentence or conviction" was illegal, and otherwise asserting several of the same claims he raised in his Rule 36.1 motion and subsequent filings. He asked for the trial court to grant him Rule 36.1 relief, which it denied. The defendant filed a notice of appeal on March 9, 2017.

## ANALYSIS

Whether a motion states a colorable claim for correction of an illegal sentence under Tennessee Rule of Criminal Procedure 36.1 is a question of law which this Court reviews de novo. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). Rule 36.1 provides the defendant "may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute. *Id.* If the motion states a colorable claim, the trial court shall appoint counsel if the defendant is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b). A "'colorable claim' means a claim, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

"[F]ew sentencing errors render [a sentence] illegal." *Id.* at 595. Examples of illegal sentences include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." *Id.* However, "attacks on the correctness of the methodology by which a trial court imposed [a] sentence" do not rise to the level of an illegal sentence. *Id.*

The defendant argues his sentence was illegal under Rule 36.1 because "he was indicted of first-degree premeditated murder and first-degree felony murder of the same victim" and, therefore, "the indictment was multiplicitous and invalid." The indictment at issue consists of a single count that charges first-degree murder and felony murder as alternative forms of a single offense, murder. The defendant's argument is based upon his belief he was convicted of *both* first-degree murder and felony murder.[1] However, this is not the case. The defendant was convicted of one count of first-degree murder under this indictment and only one judgment on this count was entered. Therefore, this claim is not cognizable under Rule 36.1, and the defendant is not entitled to relief. *See Wooden*, 478 S.W.3d at 593; *see also* Tenn. R. Crim. P. 36.1(a).

We next address the defendant's argument "that various 1970s enactments relating to first-degree murder and its punishment were invalid" and "that the first-degree murder statute in effect at the time of the offense, on its face and as applied, was vague, overbroad, exceeded its caption, constituted an ex post facto law, and allowed double jeopardy. . . ." As both claims are similarly tied, we review these claims together.

The statute governing first-degree murder which was in effect at the time of the defendant's conviction provided, in pertinent part, as follows:

> Every murder perpetrated by means of poison, lying in wait, or by other kind of willful, deliberate, malicious, and premeditated killing, or committed in the perpetration of, or attempt to perpetrate, any murder in the first degree, arson, rape, robbery, burglary, larceny, kidnapping, aircraft

---

[1] While a single indictment that argues alternative theories of the same murder is uncommon, such an indictment is valid. *See State v. Jefferson*, 529 S.W.2d 674, 678 (Tenn. 1975), *rehearing denied*, 529 S.W.2d 674, *overruled on other grounds*, *State v. Mitchell*, 593 S.W.2d 280 (Tenn. 1980) (citing in part Tenn. Code Ann. § 40-1806, now Tenn. Code Ann. § 40-13-206(a)).

piracy, or the unlawful throwing, placing or discharging of a destructive device or bomb, is murder in the first degree.

Tenn. Code Ann. § 39-2-202(a) (1982). The pre-1989 felony murder statute did not require a separate mens rea for the killing. *See id*. The defendant alleges the prior Tennessee first-degree murder statute fails constitutional scrutiny because the statute allows him to be convicted of both premeditated first-degree murder and first-degree felony murder.

Tennessee courts have determined the statute in this case is sufficiently precise to have provided the defendant with notice of the charges against him. *See State v. Thomas*, 635 S.W.2d 114, 116 (Tenn. 1982). A person of common intelligence could reasonably understand what acts the statute prohibits. *See State v. Burkhart*, 58 S.W.3d 694, 697 (Tenn. 2001). Therefore, the statute under which the defendant was convicted was not unconstitutionally vague. Furthermore, the Tennessee Supreme Court, while not specifically addressing the issue of vagueness, has upheld the constitutionality of the pre-1989 felony murder statute on the basis that it "does not violate the due process clause of the Fifth Amendment to the United States Constitution." *State v. Middlebrooks*, 840 S.W.2d 317, 336 n.2 (Tenn. 1992) (citing *State v. Barber*, 753 S.W.2d 659, 671 (Tenn. 1988)); *see State v. Godsey*, 60 S.W.3d 759, 773 (Tenn. 2001); *see also State v. Barber*, 753 S.W.2d 659, 671 (Tenn.1988) (holding the pre-1989 felony murder statute was not unconstitutional in that it did not violate due process or double jeopardy). In light of established law, the defendant has not stated grounds that his sentence, under the prior statute, violates Rule 36.1. *See Wooden*, 478 S.W.3d at 593; *see also* Tenn. R. Crim. P. 36.1(a). Therefore, the defendant is not entitled to relief.

The defendant's next argument alleges "the prosecution did not elect the offense and he was convicted of first-degree, premeditated, deliberate murder and first-degree, felony murder of the same victim." This is tied to the defendant's claims "that it is impossible to re-kill someone;" "*State v. Berry* [503 S.W.3d 360, 362 (Tenn. 2015)] requires trial courts to merge verdicts of guilt of the same offense into a single conviction;" and, "the [c]ourt did not have jurisdiction to enter two convictions for first-degree murder, and therefore has no basis upon which to grant relief." These claims are not supported by the record. While the record does not reflect the entry of more than one judgment of conviction on the charge of murder, *Berry* does not establish a new constitutional right and, thus, does not entitle the defendant to relief. *Berry*, 503 S.W.3d at 362. Rather, it merely clarifies that, when a trial court merges two verdicts into one judgment of conviction, it should prepare a judgment form for each count that reflects the merger. *Id.* Furthermore, *Berry* is inapplicable in the defendant's charges because there was no merger of verdicts. *Id.* The defendant, therefore, is not entitled to relief. *See Wooden*, 478 S.W.3d at 593; *see also* Tenn. R. Crim. P. 36.1(a).

- 8 -

Next, the defendant argues he is entitled to one day of jail credit because he was arrested on "February 21 not [February] 22, 1983." This claim is not cognizable under Rule 36.1 as it does not speak to whether the defendant's sentence is legal. *See Wooden*, 478 S.W.3d at 593; *see also* Tenn. R. Crim. P. 36.1(a). Furthermore, the defendant has already litigated this claim and has been granted relief. The trial court noted below "the request for jail credit for the date of arrest should be treated as a motion to correct a clerical error pursuant to Tenn. R. Crim. P. 36. The State [was] requested to file a copy of the arrest report within forty-five . . . days from the entry of [the] order." The defendant is required to petition the Department of Correction for any application of credits to his sentence. Ultimately, as the defendant is currently serving a sentence of life without the possibility of parole, and has already completed his sentences for grand larceny and second-degree burglary, this argument is moot. The defendant, therefore, is not entitled to relief.

The defendant's remaining claims all relate to his arrest; his questioning by officers; discovery issues; the officer's testimony at trial; the State's conduct at trial; sufficiency of the evidence; and ineffective assistance of counsel. These claims are not cognizable under Rule 36.1, as they do not address the illegality of the defendant's sentence. *See Wooden*, 478 S.W.3d at 593; *see also* Tenn. R. Crim. P. 36.1(a). Instead, these claims address evidentiary concerns and are, therefore, inapposite. *See Wooden*, 478 S.W.3d at 593; *see also* Tenn. R. Crim. P. 36.1(a). Furthermore, these issues have been litigated extensively during the defendant's numerous prior appeals, and the defendant has been denied relief. *See Harbison*, 704 S.W.2d at 315; *Harbison*, No. E2014-01830-CCA-R28-PC, slip op. at 1; *Harbison*, No. E2013-01336-CCA-R28-PC, slip op. at 2; *Harbison*, 2012 WL 1956757, at *1; *Harbison*, 2005 WL 1521910, at *1; *Harbison*, 1996 WL 266114, at *1. The defendant is, therefore, not entitled to relief as to any of the above listed claims.

Finally, the defendant argues "procedural bars should not apply to his present claims" and "even if procedural bars do apply to one or more of the present claims, if the Court acknowledges the merit of any of those claims, then there is a colorable claim of illegality within the meaning of Rule 36.1." Because the defendant has failed to state a single colorable claim pursuant to Rule 36.1, these arguments are moot. Procedurally, the defendant's argument also fails because he cites no law in support of his claim that procedural bars should not apply to his claim. As a result, the argument is waived. Tenn. R. App. P. 27(a)(7)(A) (requiring an argument to set forth: "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on"). The defendant, therefore, is not entitled to relief.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE